DENNER vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*February 21 — March 13, 1883.*

*Pleading — Equity — Nuisance.*

1. When a complaint attempts but fails to state a cause of action *in equity*, a general demurrer thereto will be sustained notwithstanding it may contain allegations which, if eliminated and standing by themselves, might be sufficient to constitute a cause of action *at law.* *Supervisors v. Decker*, 30 Wis., 624. *Tewksbury v. Schulenberg*, 41 Wis., 584, distinguished.
2. From a complaint alleging that the plaintiff is in possession of land under a contract for the sale thereof to him, but not stating whether the other party to such contract ever had any title to the land, it cannot be presumed that the plaintiff has any legal or equitable title to the land.
3. One having the mere naked possession of land has an adequate remedy at law for an injury thereto caused by a nuisance, and cannot maintain an equitable action under ch. 190, Laws of 1882.

APPEAL from the Circuit Court for *Dane* County.

The complaint alleges, in substance, that the plaintiff for many years has been and now is in possession of certain premises, under a contract for the sale thereof to him; that a stream of water has for many years extended and flowed across such premises; that the railroad of the defendant, built by one of its predecessors, was constructed in such a

way as to divert said stream from its natural course, and to set back the waters thereof and cause them to overflow the premises of the plaintiff, to his damage $1,000. The prayer of the complaint is as follows: "Wherefore this plaintiff. demands judgment against said defendant, that the said defendant may be compelled to construct, at its own expense, and forever maintain, a suitable passage-way for the passage of said stream in its own natural channel, and that the defendant and its officers, agents, servants, and employees, and its and their successors and assigns, may be forever enjoined and restrained from diverting the said stream from its natural channel, and that this plaintiff may have judgment against said defendant for the said sum of $1,000, his damages aforesaid, besides the costs of this action, and for such other, further or different judgment, order or relief, as may be just and proper."

The defendant demurred to the complaint generally, and from an order sustaining the demurrer the plaintiff appealed.

*Edward P. Vilas*, for the appellant.

*D. S. Wegg*, for the respondent.

CASSODAY, J.   Does the complaint state facts sufficient to constitute a cause of action within the meaning of subd. 6, sec. 2649, R. S.?  (Subd. 6, sec. 5, ch. 125, R. S. 1858.)  This provision was taken from the New York Code, sec. 144.  It has, however, been construed by this court as well as the New York courts.  In so far as such constructions may differ, we feel compelled to follow our own, especially where such construction was first given by this court.

The question here presented was directly involved in *Supervisors of Kewaunee Co. v. Decker*, 30 Wis., 624.  In that case it was apparent from the whole complaint and the relief demanded that the cause of action sought to be stated was one in tort and not on contract, and it was there held, on demurrer, in effect, that the plaintiff must be confined to the cause

of action thus sought to be alleged, notwithstanding it was insufficiently stated, and that there were other statements in the complaint incidentally made, sufficient, if taken by themselves, to constitute a cause of action on contract. In that case the previous New York authorities were reviewed and distinguished. Judge DIXON, giving the opinion of the court, there said: "And this we take to be the true rule, that the court must, in the first instance, decide with certainty what the specific cause of action counted and relied upon is, and, having decided that, it must next determine whether the complaint contains a sufficient statement of such cause of action, and, if it does not, the demurrer must be sustained." Applying that test it was there held that the cause of action there sought to be stated was an action of trover, or one sounding in damages for the tortious conversion of moneys, and not an action on contract, and so, confining the allegations of the complaint to such an action, it was held to be insufficient. That decision was placed upon the reasoning of previous decisions of this court, and was afterwards sanctioned in *Pierce v. Carey*, 37 Wis., 234, and the more recent case of *Gormely v. Gymnastic Association*, 55 Wis., 352. We have nothing to add to the reasons given in those cases.

We do not regard these decisions in conflict with *Tewksbury v. Schulenberg*, 41 Wis., 584, cited by the learned counsel for the plaintiff. That was an action to recover tolls for aiding in driving logs and passing them over the plaintiff's dams, and the complaint asked to have the same adjudged a lien upon the logs. That was an action before the revised statutes, and hence was at law and not in equity. The court merely held that the demurrer would not be sustained, even though the facts stated did not entitle the plaintiff to such lien. The case, therefore, is clearly distinguishable. Applying to this case the test thus adopted, and it is very evident that the cause of action here sought to be alleged is one in equity and not at law, notwithstanding the complaint may

contain allegations which, if eliminated and standing by themselves, might be sufficient to constitute a cause of action at law. The question really presented is, therefore, whether the complaint states facts sufficient to constitute the cause of action in equity sought to be alleged.

In *Remington v. Foster*, 42 Wis., 608, this court held that the statute which authorized judgment of abatement in actions at law for damages by private nuisance, had the effect to abrogate the remedy in equity to abate private nuisances. To the same effect are *Cohn v. Wausau Boom Co.,* 47 Wis., 314; *Pennoyer v. Allen*, 51 Wis., 360; *Lohmiller v. Indian Ford W. P. Co.*, id., 688.

The statute referred to is ch. 137, R. S. (ch. 144, R. S. 1858). Evidently to obviate that difficulty, the statute was amended by ch. 190, Laws of 1882. That amendment restores equitable jurisdiction in the particular cases therein named. To bring the case within such jurisdiction the essential facts should be affirmatively alleged in the complaint. Here it is enough to say that the complaint fails to state facts sufficient to bring the case within any of the provisions for equitable relief in that amendment. In fact, it is not so claimed by the appellant's counsel. Without going into particulars, it is enough to say that it does not appear from the complaint that the plaintiff has any title or vested interest in the land. It simply alleges possession under a contract for the sale thereof to the plaintiff. It is entirely silent as to the other party to the contract, or whether such party ever had any title to the land. With such omissions from the complaint we cannot presume that the plaintiff had either a legal or equitable title to the land from the mere fact of possession. Without such title we are unable to perceive how the nuisance complained of can work to the plaintiff an irreparable injury, interminable litigation, or a multiplicity of actions, or a continuous or constantly recurring injury to the plaintiff within the meaning of the amendment. With

nothing more than a mere naked possession we are unable to say that the plaintiff has not an adequate remedy at law for the injury complained of.

Such being our views, the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.