TRUSTEES OF KILBOURN LODGE NUMBER THREE OF ANCIENT, FREE, AND ACCEPTED MASONS, Appellant, vs. KILBOURN and others, imp., Respondents.

*September 11 — September 24, 1889.*

*Pleading: Equity: Demurrer: Adequate remedy at law: Ejectment: Landlord and tenant.*

1. Upon a general demurrer to a complaint which is clearly intended as a complaint in equity, the defendant may avail himself of the objection that the plaintiff has an adequate remedy at law.

2. A complaint alleging that the plaintiff has title to land under a lease, and that the defendants assert a hostile claim of title and are in actual possession, is *held* to show that the plaintiff has an adequate remedy by ejectment.

3. Tenants of one claimant of land cannot be compelled to attorn to and become tenants of an adverse claimant.

APPEAL from the Superior Court of *Milwaukee* County. The case is sufficiently stated in the opinion.

*Samuel Howard* and *Eugene S. Elliott*, for the appellant. For the respondents there was a brief by *E. Mariner* and *F. M. Hoyt*, and oral argument by *Mr. Hoyt.*

TAYLOR, J. The appellant commenced an action against the respondents and Frank M. Hoyt and Le Grand Kniffen in the superior court of Milwaukee county, and in such action filed a complaint against all the defendants, demanding equitable relief against all of them. To this complaint Frank M. Hoyt answered. Kniffen does not appear to

have answered or demurred. The other defendants, the *Kilbourns, Thorndike, McCallum,* and *Vizay,* demurred to the complaint, alleging as ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action as to them. Upon the hearing of this demurrer the court below sustained the demurrer, and from the order sustaining such demurrer plaintiff appeals to this court.

The ground upon which the demurrer was sustained is that, upon all the facts stated in the complaint, the plaintiff is not entitled to any equitable relief against them. Under the decisions of this court the demurrer was properly sustained, although the facts stated may be sufficient to constitute a cause of action at law against them. This court has frequently decided that a demurrer to a complaint, which is clearly intended by the pleader as a complaint in equity, because it does not state facts sufficient to constitute a cause of action will be sustained if the facts do not constitute a cause of action in equity, and such demurrer will not be overruled on the ground that such complaint states a cause of action at law. *Kewaunee Co. v. Decker,* 30 Wis. 624; *Tewksbury v. Schulenberg,* 41 Wis. 584; *Denner v. C., M. & St. P. R. Co.* 57 Wis. 218; *Pierce v. Carey,* 37 Wis. 234; *Gormely v. Gymnastic Asso.* 55 Wis. 350. The effect of these decisions is that upon such a demurrer the defendant may avail himself of the objection to the complaint that, upon the facts stated, the plaintiff has an adequate remedy at law and for that reason his complaint is bad as a complaint in equity.

Upon the hearing of the appeal in this case, the learned counsel for the appellant argued at length and with great ability the question whether the plaintiff had shown by its complaint that it had title to the real estate in question. This question, however, the learned attorney for the respondents declined to argue, and relied solely on the ground

taken by them in the court below, viz., that upon the facts stated in the complaint it clearly appears that the plaintiff has an adequate remedy at law. This is, thereore, the only question we are at liberty to determine upon this appeal.

After a careful reading of the complaint, which sets forth at length the alleged title of the plaintiff, and which, for the purpose of this decision, may be admitted to show a good title in the plaintiff and a right to the possession of the real estate in question, we are constrained to agree with the court below that the plaintiff has an adequate remedy at law. The allegations of the complaint, upon the theory that the plaintiff acquired title to the real estate in question at the time stated in said complaint, show that immediately after that date, and before the plaintiff had taken any actual possession of such real estate, the defendants the *Kilbourns* claimed the title and the right of possession adversely to the plaintiff, and by their tenants took the actual possession of the premises, and held such possession in hostility to the claim of the plaintiff at the time of the commencement of this action. This state of facts shows clearly that an action of ejectment would be an adequate remedy for the plaintiff. In such action the title of the plaintiff would be adjudicated as well as the right of possession of the defendants. If, in such action, it should be held that the plaintiff had no title, that would end the controversy; on the other hand, if the plaintiff's title should be established, that would end the controversy, because in such action the plaintiff would recover of the tenants and their landlords, the *Kilbourns*, rent for the use of the premises as well as damages if any injury or waste to the premises had been committed by the defendants. There seems to us an entire absence of any sufficient reason for invoking the aid of a court of equity to settle the rights of the parties to this action. It seems very clear to us that a court

of equity would have no power to compel the tenants of *Kilbourn* to attorn to and become the tenants of the plaintiff, against their consent. In a contest between the plaintiff and the tenants the court can only determine whether the tenants or the plaintiff has the title or right to the possession, but it cannot force the tenants of the claimant, *Kilbourn*, to become the tenants of the plaintiff. The complaint charges no fraud on the part of the *Kilbourns* or on the part of their tenants. It simply charges that the *Kilbourns* have no title to the premises or to the rents arising out of the same, except what is secured to them by the lease which it sets up as the plaintiff's title. The other allegations of the complaint show that the *Kilbourns* deny this alleged fact, and claim to have an interest in the premises hostile to the title of the plaintiff. They assert a legal title hostile to the plaintiff's title, and, being in the actual possession, the proper way to determine the rights of the parties is by an action of ejectment.

The fact that the complaint shows a cause of action in equity against the defendant Hoyt does not help the plaintiff as against the demurring defendants. Hoyt does not question the sufficiency of the complaint, and has answered the same.

*By the Court.*— The order of the superior court is affirmed, and the cause is remanded to the superior court of Milwaukee county for further proceedings according to law.