Gullickson and others vs. Madsen and others.

Gullickson and others, Appellants, vs. Madsen and others, Respondents.

*January 10 — January 30, 1894.*

(1, 2, 4) *Equity: Pleading: Demurrer: Adequate remedy at law.* (3–5) *Debtor and creditor: Execution: Creditors' bill: Moneys deposited by debtor in his wife's name: Fraudulent mortgage.*

1. Where the complaint is evidently framed for the purpose of setting out an equitable cause of action, the defendant, upon a written general demurrer, may avail himself of the objection that plaintiff has an adequate remedy at law.
2. To exclude the exercise of the equitable functions of the court, the remedy at law must be as practicable and efficient to the ends of justice and its prompt administration as the remedy in equity.
3. A creditor's action, under sec. 3029, R. S., may be maintained to reach moneys of the debtor deposited in a bank in his wife's name.
4. Where a debtor has mortgaged his chattels without consideration and to defraud creditors, the mortgage may be set aside in equity, the remedy at law by seizure and sale on execution being inadequate because the creditor may be embarrassed by the sheriff re-

quiring indemnity and may be unable to give it, and because of the liability of all concerned to a subsequent action by the mortgagee, and the probable sacrifice of the property at the sale.

5. Though the usual course in such case is to issue execution and bring an equitable action in its aid, yet in a creditors' action under sec. 3029, R. S., of which the court takes jurisdiction in respect to other property, relief may also be granted as to the mortgage although the execution has been returned.

APPEAL from the Superior Court of *Douglas* County.

This is a creditors' action under sec. 3029, R. S., brought against *F. M. Madsen*, *V. Madsen*, his wife, *W. C. Brooks*, and the *Bank of Commerce*, defendants, and the plaintiffs have appealed from an order sustaining a demurrer to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and also from an order vacating an injunction restraining the defendants during the pendency of the action, according to the prayer of the complaint.

The complaint alleges the recovery of a judgment against *F. M. Madsen* and another in the circuit court for Douglas county for $552.59, and docketed on August 11, 1893, upon an indebtedness which accrued December 18, 1890, and upon which judgment an execution was issued on the same day to the sheriff of said Douglas county, where the judgment debtors then and have ever since resided, and has been returned wholly unsatisfied. The sufficiency of the complaint depends wholly upon the effect to be given to allegations, in substance, that on the 1st of July, 1893, the defendant *F. M. Madsen* was the owner and in possession of certain saloon furniture and fixtures situate in the city of Superior, county of Douglas, free from all incumbrances, reasonably worth $600 over and above the exemptions, and no more; and that on that day *Madsen*, the judgment debtor, made and delivered to the defendant *Brooks* a chattel mortgage covering said furniture and fixtures, purporting to secure the payment of $600 with interest, and

Gullickson and others vs. Madsen and others.

caused it to be filed in the office of the city clerk of the city of Superior on the same day, which mortgage now appears to be unsatisfied. That said mortgage was executed and delivered without any consideration whatever, and was made for the purpose of hindering and delaying the plaintiffs in the collection of their claim. That the defendant *V. Madsen* is the wife of the defendant *F. M. Madsen*, but had no separate estate, except such as was received from her husband after the date of the indebtedness upon which the judgment was rendered. That *F. M. Madsen* has for many years made regular deposits with the defendant the *Bank of Commerce*, and since said indebtedness was incurred he has regularly and systematically made, and now makes his deposits in said bank in the name of his wife, *V. Madsen*. That she does not handle or control any of said money, but that it is checked out on checks of the said *F. M. Madsen*, as agent for the said *V. Madsen*, which method the defendant *F. M. Madsen* has resorted to solely for the purpose of defrauding, hindering, and delaying his creditors, and the plaintiffs in particular, in the collection of their claim; and that the defendant the *Bank of Commerce* now has in its possession and under its control moneys, credits, and effects belonging to the defendant *F. M. Madsen*, which are deposited in the name of the defendant *V. Madsen*, and the same are so credited and deposited for the sole and only purpose of hindering, delaying, and defrauding his just creditors. That said bank is now owing the said *F. M. Madsen* upon certificates of deposit issued to him or to the said *V. Madsen*. That the value of the property and the credits of the said *F. M. Madsen* so held by the said bank, and the indebtedness of said bank to said *Madsen* upon certificates of deposit as aforesaid, exceed the sum of $600. That said *F. M. Madsen* has no property other than that hereinbefore mentioned out of which the plaintiffs' demand can be satisfied in whole or in part, and

Gullickson and others vs. Madsen and others.

he unjustly refuses to apply any of the aforesaid property to the satisfaction of the judgment. That, unless restrained by order, the defendants will pay, transfer, or otherwise dispose of, incumber, conceal, or interfere with said property.

Judgment is prayed for the application of any money, property, debts, choses in action, or equitable interests belonging to *F. M. Madsen*, or held in trust for him, or in which he is interested, for the payment of the judgment; and that he be enjoined from disposing of such interests; and that said chattel mortgage to the defendant *Brooks* be declared fraudulent as against the plaintiffs, and canceled, the property therein described adjudged to be the property of the defendant *Madsen*, and that the defendant *Brooks* be enjoined from selling or disposing of the mortgaged property; and that the other defendants, *V. Madsen* and the *Bank of Commerce*, be enjoined from disposing of any property, money, or credits belonging to *F. M. Madsen;* and for the appointment of a receiver, and for general relief.

For the appellants the cause was submitted on the brief of *Thorson & Crawford.* They argued, among other things, that the issue " that plaintiffs had an adequate remedy at law " was not raised by defendants' demurrer. *Peck v. School Dist.* 21 Wis. 521–2; *Becker v. Trickel,* 80 id. 484; *Sherry v. Smith,* 72 id. 339; *Pierstoff v. Jorges,* 86 id. 128.

*Henry C. Wilson,* for the respondents, contended, *inter alia,* that the complaint showed on its face that *Madsen* had non-exempt personal property and money on deposit, and that therefore the plaintiffs had an adequate remedy at law. The property mortgaged was as much subject to levy on execution as though no transfer had been made. *Ahlhauser v. Doud,* 74 Wis. 400; Freeman, Executions, sec. 136; *Robinson v. Holt,* 39 N. H. 557; *Fischel v. Keer,* 45 N. J. Law, 507; *Switzer v. Skiles,* 8 Ill. 529; *Angier v. Ash,*

26 N. H. 99; *Brown v. Snell,* 46 Me. 490; *Booth v. Bunce,* 33 N. Y. 139.

PINNEY, J. 1. Where a complaint is evidently framed for the purpose of setting out an equitable cause of action, the defendant, upon a written demurrer thereto that it does not state facts sufficient to constitute a cause of action, may avail himself of the objection that the plaintiff has an adequate remedy by legal action. This has been so often held that reference to a few only of the later cases is permissible. *Denner v. C., M. & St. P. R. Co.* 57 Wis. 218; *Trustees v. Kilbourn,* 74 Wis. 452; *Avery v. Ryan,* 74 Wis. 599; *Stein v. Benedict,* 83 Wis. 603.

2. The question arises whether, upon the allegations of the complaint, the plaintiffs have an adequate remedy at law, so as to exclude the exercise of the equitable functions of the court. To that end it is not enough that there is a remedy at law, but " it must be plain and adequate; or, in other words, as practicable and efficient to the ends of justice and its prompt administration as the remedy in equity." *Boyce's Ex'rs v. Grundy,* 3 Pet. 210; *Watson v. Sutherland,* 5 Wall. 74. And the jurisdiction in equity will be sustained when time, expense, and a multiplicity of suits will be saved by it, and the rights of all concerned will be settled in one litigation. *Oelrichs v. Spain,* 15 Wall. 211, 228. Although these cases were ruled under the sixteenth section of the Judiciary Act of 1789, declaring that suits in equity should not be sustained in either of the courts of the United States " in any case where a plain, adequate, and complete remedy may be had at law," yet this section has repeatedly been held to be merely declaratory of the pre-existing rule, and not intended to narrow jurisdiction in equity. *Boyce's Ex'rs v. Grundy,* and other cases, *supra;* 1 Pom. Eq. Jur. §§ 295–297.

The remedy theretofore obtainable by a creditors' bill,

repealed by the act of 1857, was restored by sec. 3029, R. S., which declares that "whenever any execution against the property of any judgment debtor shall have been issued upon a judgment for the payment of money, and shall have been returned unsatisfied in whole or in part, the judgment creditor may commence an action against such judgment debtor and any other person, to compel the discovery of any property or thing in action belonging to such judgment debtor, and of any property, money or thing in action due or held in trust for him, and to prevent the transfer" thereof, etc. The allegations of the complaint in respect to the dealings of the defendant *F. M. Madsen* with the defendant bank in the name of his wife, with his own moneys, to defraud the plaintiffs, and that the bank has in its possession or under its control moneys, credits, and effects belonging to the defendant *F. M. Madsen*, and is owing upon certificates of deposit issued to him or his wife, in all to the amount of over $600, sufficiently state a cause of action within the equitable jurisdiction of the court. The demurrer was a joint one by all the defendants, and it follows that it was improperly sustained. The questions presented in this case were recently before the court in *Pierstoff v. Jorges*, 86 Wis. 128, and the decision in that case is conclusive against this demurrer.

3. It was contended that the plaintiffs had an adequate remedy at law, within the meaning of the rule above stated, in respect to the property embraced in the chattel mortgage to the amount of its entire value, and which it is alleged was executed without any consideration and made for the purpose of hindering and delaying the plaintiffs in the collection of their debt. In such case the mortgage would be but a fraudulent device to protect the defendants' property from seizure, clouding the title thereto, and seriously embarrassing the plaintiffs in attempting to proceed against it. It was contended that the plaintiffs might

Gullickson and others vs. Madsen and others.

seize and sell this property on their execution, and that their ability to do so amounted to an adequate remedy at law. This, in theory, may be true, but practically it is not. The creditor in such case encounters at the outset a fraudulent obstruction to his rights, placed there to defeat or hinder and delay him, and under it another claimant to the property appears under an instrument ordinarily valid on its face, and warns the sheriff not to interfere, under peril of an action for damages. He in turn, in the exercise of a just degree of prudence, requires indemnity. This hinders and embarrasses the creditor; and, indeed, he may not be able to give it, so that the fraudulent creditor and mortgagee keep him effectually at bay. If he succeeds in obtaining a levy and making a sale, he and all concerned are subject to an action at law by the mortgagee at any time he may elect within a series of years, during which the evidence to defeat the fraudulent claim may be lost, and the plaintiffs may be otherwise embarrassed and vexed in contending against the action. In case of a sale, the title is at best a disputed or disputable one, and the property is necessarily sold at a sacrifice, to the loss and injury of all concerned. It is the aspect of the case thus presented that renders the remedy at law practically and really inadequate, and gives a court of equity jurisdiction to cancel and set aside the fraudulent obstruction to the remedy the creditor has invoked. The remedy at law by seizure and sale of the property is not, it must be conceded, in such case, "as practicable and efficient to the ends of just__ and its prompt administration as the remedy in equity." This conclusion is indicated in the recent case of *Pierstoff v. Jorges*, 86 Wis. 128, and upon full consideration we conclude that it is in accordance with sound principle and is essentially wise and just. By resorting to it, the controversy is speedily settled and put at rest as to all claimants without unnecessary waste or sacrifice of property.

As the court takes jurisdiction in this action to reach the moneys and choses in action of the defendant, and the objections raised by the demurrer have failed, it is justified, with all the parties before it, in adjudicating upon and granting relief, if the facts should warrant it, in respect to the chattel mortgage, as held in *Pierstoff v. Jorges, supra,* where the authorities are cited, although the execution has been returned. The more usual course, however, is to issue and deliver an execution to the sheriff, and then bring an equitable action in its aid.

It follows from these views that the order sustaining the demurrer, and the order vacating the injunction, must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— Judgment is ordered accordingly.