KRUCZINSKI and others, Respondents, vs. NEUENDORF and wife, imp., Appellants.

*March 24 — April 12, 1898.*

*Cloud on title: Equitable relief: Remedy at law: Pleading: Parties.*

1. Owners of the legal title to land, though not in possession, may maintain an action in equity, independent of the statute, to remove clouds from the title.
2. Owners of land, who have been deprived of possession under a void decree and fraudulent conveyances, which constitute clouds upon their title, have no such adequate remedy at law as will preclude them from maintaining an equitable action to remove such clouds and recover possession of the land.
3. A probate decree, which is void because entered without notice to or the appointment of guardians for the infant heirs of the decedent, and which declares certain adult heirs to be the sole heirs of such decedent, constitutes a cloud upon the title of such infant heirs, and they can maintain an action to recover possession of their interest in the land and to have their title cleared of the clouds raised by such decree and by subsequent conveyances.
4. One who once held the title under such decree, but has since conveyed all his interest to another, is not a necessary party defendant to the action by such heirs.
5. Under sec. 2647, R. S. 1878, heirs of a decedent who have been deprived of their interests in his lands when infants by a void decree of a probate court, entered without notice to them or the appointment of guardians for them, and by subsequent conveyances, may join an equitable action to set aside such decree and conveyances as clouds upon their title, with a legal action to recover possession of their interest in the land, together with rents and profits for the use thereof, since all such causes of action arise out of the same transaction and are connected with the same subject matter.
6. An action for those purposes is not one for partition, and the complaint need not conform to sec. 3102, R. S. 1878.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling the demurrer interposed by the appellants to the complaint, which alleges,

in effect, that Simon Kruczinski died intestate December 25, 1882; that at the time of his death he resided in Milwaukee, and was the owner in fee and possessed of the real estate therein described; that said intestate left, him surviving, his widow, Katharine, and eight children, as his only heirs at law; that four of them, who are not parties to this action, were more than twenty-one years of age, and the other four, who are plaintiffs in this action, were then less than twenty-one years of age, and two of them are still infants and appear by their guardian herein; that said estate has never been administered; that no proceedings have ever been had for the appointment of an administrator of said estate, and none has ever been appointed, and no settlement thereof has ever been made; that January 1, 1888, the widow, Katharine, was married to one Joseph Weisbrod; that June 17, 1893, she died at her home in Milwaukee; that, during the time she and Joseph lived together as wife and husband, they conspired together to cheat, wrong, and defraud the plaintiffs in this action, who were then infants, out of the lands described, and to that end said Katharine falsely and knowingly petitioned and represented to the county court of Milwaukee county that the four adult children of said intestate who are not parties to this action were the only heirs at law of said Simon, deceased; that she intentionally and wrongfully suppressed the existence of the plaintiffs herein, and concealed their relationship to the deceased, and their interest in the real estate described, from the knowledge and consideration of the county court; that the plaintiffs had no legal guardian and no guardian *ad litem*, and were entirely ignorant of the proceedings and the nature thereof; that no personal notice of the proceedings was ever given to or served upon the plaintiffs, or any of them, and that they were not in any manner represented in the proceedings; that March 13, 1889, such proceedings were had in the matter of the estate of Simon that, by means of the false and fraudu-

lent representations so made to the county court, said Katharine obtained from that court, and caused to be recorded in the register's office, a judgment and final decree of the county court, wherein it was ordered, adjudged, and decreed that the four children not parties to this action were the sole heirs at law of the said Simon, and were the owners in fee simple of the real estate described, subject to the dower of the said Katharine, when she well knew, as the facts were, that the plaintiffs were also the children of the said Simon by her, the said Katharine, and his heirs at law, and that they had been fraudulently and wrongfully omitted from the statement of the heirs of said Simon in the said judgment and decree; that January 22, 1889, said Katharine and Joseph Weisbrod obtained from the adult heirs of said Simon, not parties to this action, a quitclaim deed of the land described, running to themselves, and recorded February 8, 1889, reciting a consideration of $160; that the plaintiffs were entirely ignorant of the execution and delivery of that deed, and did not consent thereto nor join therein.

The complaint further alleged that August 17, 1889, the said Katharine and Joseph conveyed the premises described to the defendant *John F. Neuendorf*, subject to a mortgage for $900, by warranty deed recorded August 19, 1889, when they all well knew, as the facts were, that the plaintiffs in this action owned the undivided one-half interest in the lands described, which could not be so conveyed; that *John F. Neuendorf* had for several years resided a near neighbor to the said Simon, and was well acquainted with all his children, and that such fraudulent and false judgment and decree were so obtained with the knowledge, consent, and procurement of the said *John F. Neuendorf*, and under his special advice and direction; that *John F. Neuendorf* and wife remained in possession of said premises under said deed until January 16, 1890, when they conveyed by warranty deed, to the defendants John and Sophie Kulka, the east

half of the land described, and recorded the same, which deed recited a consideration of $1,000, and since that time John and Sophie Kulka have been in possession thereof; that the plaintiffs are the owners in fee, by inheritance from their father, of an undivided one-half interest in and to the lands described, and are entitled to the possession of the same, together with the rents and profits thereof, which were of the value of $200 per year for each and every year during the time; that February 11, 1892, the defendants John and Sophie Kulka made, executed, and delivered to the defendant the Skarb Poliski Mutual Loan & Building Society a certain mortgage upon said land to secure the payment of $500, six years after date, with interest at seven per cent. per annum, which mortgage was recorded February 12, 1892; that May 10, 1894, John and Sophie Kulka made, executed, and delivered to the defendant loan and building society a certain other mortgage upon said land to secure the payment of $100 one year after date, with interest, payable quarterly at seven per cent. per annum, which mortgage was recorded May 11, 1894.

The complaint prays judgment that so much of the judgment and final decree of the county court as ordered, adjudged, and decreed, in effect, that the four children not parties to this action were the sole heirs at law of said Simon and the owners in fee simple of the real estate described, subject only to the dower of Katharine, be set aside as false, fraudulent, and void; that the plaintiffs herein be adjudged to be the children and heirs at law of the said Simon, and entitled to the possession of an undivided one-half interest in the land described from and after August 17, 1889; that both of the mortgages described be declared null and void, so far as the interests of the plaintiffs in this action are concerned, and that their interests may be released from the liens and incumbrances of said mortgages; and that the plaintiffs may have and recover of and from the defendants *John F. Neuendorf*, John Kulka, and Sophie Kulka $1,500

for their undivided one-half interest in the rents and profits; and for general relief, with costs and disbursements.

*J. C. Officer*, for the appellants, argued, *inter alia*, that an action for partition cannot be maintained under the' complaint because it does not in its allegations conform to sec. 3102, R. S. 1878. Ejectment will not lie by plaintiffs as tenants in common against their co-tenants. *Davis v. Lottich*, 46 N. Y. 393; *Carle v. Wall* (Ark.), 16 S. W. Rep. 293. In an action to set aside the decree of the county court for fraud, Weisbrod, the person who aided the adult heirs in procuring it and took title under them, is an indispensable party defendant. *Crites v. Fond du Lac Co.* 67 Wis. 236; *Douglas Co. v. Walbridge*, 38 id. 188; *Post v. Adams*, 39 Fla. 207; *Alexander v. Davis*, 42 W. Va. 465; *Sage v. Mosher*, 28 Barb. 287; *Gray v. Schenck*, 4 N. Y. 461. The complaint is bad for misjoinder of causes of action. *Hiles v. Johnson*, 67 Wis. 517; *Lee v. Simpson*, 29 id. 333; *Kewaunee Co. v. Decker*, 30 id. 624. The plaintiff has an adequate remedy by application to the county court to set aside its own decree. *Meyer v. Garthwaite*, 92 Wis. 571; *McMillen v. Mason*, 71 id. 405; *Hawley v. Tesch*, 72 id. 299; *Kegler v. Prien*, 62 id. 248, 250. The complaint does not allege fraud, and only partial relief could be granted under it. *Sheppard's Ex'r v. Starke*, 3 Munf. (Va.), 29–40.

For the respondents there was a brief by *John C. Keefe* and *John S. Maxwell*, and oral argument by *John C. Keefe*. They contended, among other things, that the plaintiffs had no adequate remedy in the county court. Even if that court could set aside its own decree after so great a lapse of time, it could not if such revocation would disturb rights which have become vested by the statutes of limitation. *Estate of Leavens*, 65 Wis. 440. Nor could it remove the clouds caused by subsequent conveyances.

CASSODAY, C. J. The contention that the complaint does not conform to sec. 3102, R. S. 1878, is without significance,

since this is not, and does not purport to be, an action for partition.

1. One ground of demurrer is that there is a defect of parties defendant in omitting to make Joseph Weisbrod a party defendant. It is true the quitclaim deed from the four heirs, not parties to this action, ran to Katharine and Joseph Weisbrod, but they both conveyed all their right, title, and interest in and to the land in question to the defendant *John F. Neuendorf*, nearly eight years before the commencement of this action. No relief is prayed against Joseph Weisbrod. He has no interest in the land nor the controversy, within the meaning of the statute. R. S. 1878, sec. 2610. He neither has nor claims an interest in the controversy adverse to the plaintiffs, and he is not a necessary party to a complete determination or settlement of the questions involved in this action. R. S. 1878, sec. 2603. We must hold that there is no defect of parties by reason of such omission.

2. It is contended that several causes of action have been improperly united. But the statute expressly provides that the plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable, or both, where they arise out of the same transaction, or transactions connected with the same subject of action. R. S. 1878, sec. 2647. The subject of the action is the land. Upon the death of the intestate, the land in question descended, subject to his debts and the rights of his widow, in equal shares to his eight children. R. S. 1878, sec. 2270; *Jones v. Billstein,* 28 Wis. 221; *Marsh v. Waupaca Co.* 38 Wis. 250; *Jones v. Graham,* 80 Wis. 11; *Root v. McFerrin,* 75 Am. Dec. 49. The undivided one-half of the land so descended to the plaintiffs. There is no question of any debts of the intestate here involved. The rights of the widow terminated on her death. The action is to remove clouds fraudulently placed upon the undivided one-half of the land so vested in the plaintiffs, December 25, 1882, when they

were all infants.   The deeds and mortgages here sought to be set aside are, respectively, upon the east half of the land of which the intestate died seised, and which is the only part of the land involved in this action.   The several causes of action alleged all belong to one of the classes mentioned in sec. 2647, R. S. 1878, and affect all the parties to the action, and do not require different places of trial, and are stated separately, and hence satisfy the conditions of that section. We must hold that there is no misjoinder of causes of action. *Bassett v. Warner,* 23 Wis. 673; *Watson v. M. & M. R. Co.* 57 Wis. 339; *Ellis v. N. P. R. Co.* 77 Wis. 114.

3. Another ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action.   This certainly cannot be maintained.   *Hawley v. Tesch,* 72 Wis. 299; *S. C.* 88 Wis. 213; *Lamberton v. Pereles,* 87 Wis. 449. It is well settled that one having the legal title to land, though not in possession, may, independently of the statute, maintain a bill in equity to remove a cloud from his title. *Pier v. Fond du Lac,* 38 Wis. 470; *Smith v. Sherry,* 54 Wis. 128; *Smith v. C., M. & St. P. R. Co.* 83 Wis. 280; *Smith v. Zimmerman,* 85 Wis. 542; *Davenport v. Stephens,* 95 Wis. 459.

4. Upon this general demurrer, the defendants were authorized to avail themselves of the objection that the plaintiffs had an adequate remedy at law.   *Denner v. C., M. & St. P. R. Co.* 57 Wis. 218; *Trustees of Kilbourn Lodge A., F. & A. M. v. Kilbourn,* 74 Wis. 452; *Avery v. Ryan,* 74 Wis. 599; *Gullickson v. Madsen,* 87 Wis. 23.   It is otherwise as to a mere demurrer *ore tenus,* for then it is waived.   *Pierstoff v. Jorges,* 86 Wis. 128; *Meyer v. Garthwaite,* 92 Wis. 571; *Ryan v. Schwartz,* 94 Wis. 404.   What is inadvertently said and held in *Stein v. Benedict,* 83 Wis. 604, 616, must be regarded as overruled.   It does not appear, however, that the plaintiffs have an adequate remedy at law.   Ejectment would merely secure the title and possession, leaving the outstanding deeds and mortgages as clouds upon the title.

5. Under the allegations of the complaint, the judgment and decree of the county court, to the effect that the four adult children of the deceased, Simon, were his sole heirs at law, must be regarded as a nullity, so far as the plaintiffs' in this action are concerned. They were infants at the time without any guardian, and had no notice, and of course did not in any way participate in the proceedings; and hence that judgment and decree, in so far as it inferentially attempts to affect the title of the plaintiffs, must, on this demurrer, be regarded as a nullity. *O'Dell v. Rogers,* 44 Wis. 136; *Melms v. Pfister,* 59 Wis. 186; *Jones v. Graham,* 80 Wis. 11. Upon the facts stated, such judgment and decree of the county court was a mere cloud upon the title of the plaintiffs.

*By the Court.*— The order of the circuit court is affirmed.

*J. C. Officer,* for the appellants.

For the respondents there was a brief by *John C. Keefe* and *John S. Maxwell,* and oral argument by *Mr. Keefe.*