ELLIS, Appellant, vs. THE SOUTHWESTERN LAND COMPANY, Respondent.

*February 22 — March 14, 1899.*

*Equity: Adequate remedy at law: Rescission of contract: Accounting: Vendor's lien.*

1. A complaint alleged that the defendant corporation, in consideration of plaintiff's relinquishment to it of all his interest as a stockholder and the conveyance to it of personal property, agreed to pay certain debts owing by plaintiff, and that it had failed and refused to pay a part thereof. It did not allege insolvency of the defendant or facts entitling plaintiff to a rescission of the contract. It prayed for an accounting and that defendant be required to reconvey. *Held*, that a general demurrer was properly sustained on the ground that the remedy at law for the breach of the contract was complete and adequate.

2. Where, in consideration of the transfer of property to him, a person has agreed to pay certain debts of the vendor, his failure to pay a part of them does not entitle the vendor to a rescission of the contract.

3. An action for equitable relief cannot be sustained on the ground that it *may* prevent a multiplicity of actions, where no facts are alleged to show that such will be the result.

4. To sustain a suit in equity for an accounting, some special and substantial ground of equity jurisdiction must be alleged, and it must appear that the remedy at law is inadequate.

5. In an action for an accounting and to compel a reconveyance of property on the ground that defendant had failed to pay debts of plaintiff which it had assumed in consideration of the transfer, equity will not take jurisdiction on the ground that plaintiff has a vendor's lien on land sold, where it appears that the land was conveyed prior to the making of the contract in question and was not a part of its consideration.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Action for an accounting and to compel a reconveyance of property. The substance of the complaint is stated in the opinion. The appeal is from an order sustaining a general demurrer.

For the appellant the cause was submitted on the brief of *Frederick A. Teall.*

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

BARDEEN, J. The demurrer to the plaintiff's complaint was sustained in the court below on the ground that it appears therefrom that he has an adequate remedy at law. This ruling must be sustained unless we can say that sufficient facts had been stated to warrant us in concluding that the action can be maintained in equity. The grounds urged for our consideration to support the complaint are: (1) That this action may prevent a multiplicity of suits; (2) that an accounting is demanded; (3) that the contract in question creates an equitable lien upon the defendant's property, which only a court of equity can determine and foreclose.

There can be no doubt but that the pleader has attempted to state a cause of action in equity. With some considerable particularity of detail it is alleged, in substance, that the plaintiff was at one time the owner of a large amount of real and personal property; that in the year 1887 plaintiff caused the defendant company to be organized, and conveyed to it all his real estate, and was to receive 366 shares of the capital stock in payment therefor; that he remained the owner of said stock until September, 1893, when, owing to some disagreement with the other members of the company, he made a proposition to sell out his interest in the company, and convey to it all his real estate and personal property, except certain reservations mentioned, in consideration that the defendant would pay and save him harmless from certain debts and obligations, some forty-eight in number, a list of which was attached to his said proposition; that the defendant accepted said proposition, and plaintiff accordingly sold his personal property to defendant, and relinquished to it all his interest as a stockholder; that the

defendant has failed to comply with its agreement to pay the debts mentioned in certain particulars mentioned, and that by reason thereof plaintiff has been compelled to pay thereon the sum of $4,885.74; that defendant has neglected and refused to pay "certain other items of indebtedness which it assumed and agreed to pay as aforesaid,— the particular items, or the amounts due thereupon, or to whom the same are due and payable, the plaintiff is unable to state;" that defendant paid no consideration for the stock and property transferred to it except the sums it has paid in discharge of certain of the obligations it assumed, the amounts of which plaintiff is unable to state. The demand for relief is for an accounting, and that defendant be required to reconvey to plaintiff the property received from him, with his interest in the company, and, if the company is unable to so reconvey them, that plaintiff recover his damages.

Giving to the complaint the widest latitude of construction possible, it seems very clear that the plaintiff has a complete and adequate remedy at law for a breach of the contract. It is not alleged that the defendant is insolvent, nor are there any facts stated which would entitle the plaintiff to a rescission of the contract. It appears from the complaint that defendant agreed to pay some $43,000 of the plaintiff's debts. So far as the *facts* stated in the complaint go, the defendant has failed to pay less than $5,000 of this amount. The general rule is that, to justify a rescission, the failure of the opposite party to perform must be total, so that the object of the contract has been defeated, or rendered unobtainable, by reason of the misconduct or default of the other party. *Topping v. Parish*, 96 Wis. 378. The contention that this action *may* prevent a multiplicity of suits hardly merits sober consideration. No facts are alleged which show that would be the result, and we are not at liberty to speculate on the possibilities of the future. Neither

Ellis vs. The Southwestern Land Co.

can this proceeding be maintained because an accounting is asked. In order to sustain a suit in equity for an accounting, some special and substantial ground of equity jurisdiction must be alleged, and it must appear that the remedy at law is inadequate. *Stein v. Benedict*, 83 Wis. 603. The complaint is barren of any such allegation. It does not appear that an accounting has been asked or refused. A court of equity will not assume jurisdiction, and compel an accounting, upon the mere statement of the party that he does not know how the account stands.

Admitting — but not deciding — that with proper allegations the plaintiff might enforce a lien against defendant's property for the amounts he has been compelled to pay, we look in vain for the description of any property, in the complaint, upon which a court of equity might lay its hands in satisfaction thereof. This theory seems to be an afterthought of the pleader, because it is nowhere suggested in the complaint, and is but lamely argued in the brief. It is said that plaintiff had a vendor's lien upon the land sold, which equity will enforce. The difficulty with this suggestion is that it appears from the complaint that his real estate was conveyed to the defendant in 1887, — more than six years prior to the making of the contract in suit. When this contract was made, in 1893, plaintiff sold to defendant certain personal property and his stock in the company. Any lien he may have must arise out of the express terms of the contract, and does not exist by reason of the relation of vendor and vendee of specific real property, for no such relation exists. We think it distinctly appears on the face of the complaint that plaintiff has an adequate remedy at law, and for that reason the demurrer was properly sustained. *Gullickson v. Madsen*, 87 Wis. 19; *Hoff v. Olson*, 101 Wis. 118.

*By the Court.*— The order of the circuit court is affirmed.