Thomas, Respondent, vs. McKay, Appellant.

*October 6—October 25, 1910.*

*Cancellation of deed: Pleading: Title to land: Descent: Homestead:*
*Equity: Ejectment.*

1. In an action by one claiming as an heir of his father to set aside
   an instrument purporting to be a deed executed by the father
   in his lifetime conveying land "which was his homestead" to
   defendant (a daughter), a complaint which fails to state
   whether the father died testate or intestate or that he had an
   estate of inheritance in the land at the time of his death, and
   fails to describe the land definitely, but shows that defendant,
   not plaintiff, was in the possession thereof, is fatally defective.
2. An averment that the land in question was the father's homestead
   does not show that the father had an estate of inheritance
   therein.
3. If, as alleged, defendant was in possession under a deed recorded,
   but never delivered, the action should be in ejectment.
4. A deed is not rendered void by mere failure of the grantee to
   carry out certain promises named therein as consideration for
   the conveyance.

Appeal from an order of the circuit court for Waukesha
county: Martin L. Lueck, Circuit Judge. *Reversed.*

The appeal is from an order overruling a general demur-
rer to each alleged cause of action in the complaint.

For the appellant there was a brief by *Page & Ferris,* and
oral argument by *J. W. Page.* Among other authorities,
they cited *Beranek v. Beranek,* 113 Wis. 272, 89 N. W. 146;
*Van Hessen v. Chippewa Valley M. Co.* 115 Wis. 443, 91
N. W. 1008; *Franklin v. Kirby,* 25 Wis. 498; *Miller v.
Bayer,* 94 Wis. 123, 68 N. W. 869; *Gray v. Tyler,* 40 Wis.
579; *Mash v. Bloom,* 133 Wis. 646, 114 N. W. 457; *Lawson
v. Menasha W. W. Co.* 59 Wis. 393, 18 N. W. 440; *Rogers
v. Milwaukee,* 13 Wis. 610; *Ahlhauser v. Doud,* 74 Wis. 400,
43 N. W. 169; *Denner v. C., M. & St. P. R. Co.* 57 Wis.
218, 15 N. W. 158; *Donnelly v. Eastes,* 94 Wis. 390, 69 N.
W. 157; *Bogie v. Bogie,* 41 Wis. 209.

For the respondent the cause was submitted on the brief of 'Benjamin F. Saltzstein,' attorney, and *Michael Levin,* of counsel. They cited, besides other cases, *Johnson v. Harrison,* 41 Wis. 381; *Howe v. McGivern,* 25 Wis. 525; *Brauns v. Green Bay,* 55 Wis. 113, 12 N. W. 463; *Krakow v. Wille,* 125 Wis. 284, 103 N. W. 1121; *Plainfield v. Plainfield,* 67 Wis. 525, 30 N. W. 673; *Dishneau v. Newton,* 91 Wis. 199, 64 N. W. 879; *Morse v. Gilman,* 16 Wis. 504; *Carey v. C. & N. W. R. Co.* 67 Wis. 608, 31 N. W. 162; *Ean v. C., M. & St. P. R. Co.* 95 Wis. 69, 69 N. W. 997; *Gibson v. Gibson,* 46 Wis. 449, 1 N. W. 147; *Morrow v. Lawrence Univ.* 7 Wis. 574.

TIMLIN, J. The complaint averred that on December 26, 1898, William H. Thomas of the county of Waukesha died leaving surviving him no widow but several children, among whom were the plaintiff and defendant. January 3, 1899, there was recorded in the office of the register of deeds a deed from said William H. Thomas conveying the property described therein, *which was his homestead,* to the defendant, *McKay,* and a copy of this deed is annexed to and made a part of the complaint. It bears date September 11, 1897, states that it is in consideration of one dollar and "love and affection, the payment of my just debts and funeral expenses, the placing of a proper gravestone in the center of my burial lot in the village of Pewaukee, properly engraved with my name, age, the rank, company, and regiment in which I served during the late war." Description: "A lot of land in the southwest quarter of section 9, township 7 north, of range 19 east. This deed to be put on record after my death." Otherwise it is a proper warranty deed. It is next averred that the deed was never delivered; that immediately after the death of her father defendant entered into possession of said property, and although she lives in Walworth county she has ever since claimed and does still claim the exclusive ownership thereof, and has rented the land and enjoyed the profits therefrom.

The second cause of action repeats and alleges as part thereof the foregoing, and further avers that the defendant has failed to carry out "certain of the promises named in said instrument as the consideration for said conveyance, and in particular that she never paid the just debts and funeral expenses of the grantor," nor has she ever placed a gravestone on the burial lot described, and concludes that therefore the alleged deed is no longer of any effect and is void. Plaintiff then avers argumentatively many reasons why he did not bring the action earlier. Upon this he demands judgment that the alleged deed be set aside and be declared null and void and for general relief.

The first alleged cause of action with all its imperfections is carried into and made part of the second. There is no averment that plaintiff's ancestor had at the time of his death any estate of inheritance in the land. There is no averment that he ever owned the land. We are asked to infer that the decedent owned the land because there is an averment that it was his homestead. But by law of this state (sec. 2983, Stats. 1898) there may be a homestead in a leasehold interest terminable at or prior to the death of the holder. The inference that there was an estate of inheritance from such an averment is therefore impossible. Next, the complaint not only fails to show that the plaintiff is in possession of the land or that the land is vacant and unoccupied, as required by sec. 3186, Stats. (1898), but it affirmatively shows that the defendant is in possession, hence that the plaintiff's remedy is by ejectment.

Defects in the complaint: (1) It should be stated whether the deceased died testate or intestate, and if testate who were the devisees in his will. (2) It should be stated that he was seised of an estate of inheritance in this property at the time of his death. (3) The real estate should be described. (4) If the suit remains in equity, and if the averments of discovery are to avail the pleader as against the statute of limi-

tations, he must with these averments state a case for relief on the ground of fraud. (5) A deed is not rendered void merely because the grantee "failed to carry out certain of the promises named in said instrument as consideration for said conveyance." (6) The action must be in ejectment if the defendant is in possession personally or by tenant under a deed recorded but never delivered.

*By the Court.*—The order overruling the demurrer is reversed, and the cause remanded for further proceedings according to law.