BECK and others, Respondents, vs. ASHLAND CIGAR & TO-
BACCO COMPANY, Appellant.

*February 23—June 1, 1911.*

*Ejectment, when lies: Disseisin: Equity: Continuous trespass: Adequate remedy at law: Pleading: Demurrer: Parties: Joinder of plaintiffs: Remaindermen and life tenant.*

1. Where there is an intrusion into the premises of another either below or above ground but he is undisturbed in his possession of the surface up to the true line, his remedy is by action for trespass or, if the trespass is a continuing one, by action in equity; but where a wall projects over the line so that the owner is dispossessed of the entire use of the disputed strip, ejectment is the proper remedy and the jurisdiction of equity is excluded.

2. A general demurrer to a complaint in equity raises the objection that the plaintiff has an adequate remedy at law.

3. Under sec. 3074, Stats. (1898), it is not necessary that plaintiffs in ejectment should have identical interests nor that all have the right to recover the *possession* of the premises in dispute: it is sufficient that they have an interest therein which they are entitled to recover; and under sec. 3084 some of the plaintiffs may recover and the others not.

4. Sec. 2602, Stats. (1898), providing that all persons having an interest in the subject of the action and in obtaining the relief

demanded may join as plaintiffs, applies to legal as well as to equitable actions.

5. Remaindermen may join in ejectment with a life tenant who is entitled to the immediate possession of land held adversely by the defendant; and hence, where the remedy by ejectment is adequate, they cannot maintain an action in equity.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is a suit in equity to compel the defendant to remove from plaintiffs' premises a portion of its brick wall and to recover damages for such encroachment. Plaintiffs and defendant own adjoining lots facing the principal business street in the city of Ashland, defendant's lot being east of plaintiffs'. On the lot of the defendant there is a brick building twenty-two feet high, extending backward from the street 137 feet, the westerly portion of which overlaps plaintiffs' land for a distance of sixty-five feet from the rear end. The strip so occupied by defendant's wall is six inches in width at the rear end, and grows gradually narrower as it extends toward the street, until it comes to a point sixty-five feet distant from the rear of the building, so that the strip in controversy is sixty-five feet in length and varies in width from zero to six inches. The foundation of this wall also extends into plaintiffs' land.

The complaint, after alleging that Jacob Beck died testate and that *Margaretha Beck* was appointed executrix of his will and is still acting as such, states that *Margaretha Beck* was given a life estate in the land in question, and the other plaintiffs, the children of Jacob Beck, the fee, subject to the life estate of their mother, and then alleges: "That by the said will all the right, title and interest in the said land, and the whole ownership of the same, and the right of possession of the same, passed to the plaintiffs above named in the interests and shares above set forth." It further alleges: "That the whole of the above described wedge-shaped piece of land, which is a part of the land hereinabove described as now belonging to the

plaintiffs above named, is covered, and during the past ten years and more has been covered, and entirely withheld from any sort of use by the said Jacob Beck and these plaintiffs, by the said wall of the said building, and they are, and during all the time aforesaid have been, thereby deprived of the entire use of the said wedge-shaped piece of land;" and that the defendant "has claimed the right to keep and maintain, and does still keep and maintain, the said wall upon the premises of these plaintiffs, as above set forth, and has during all of said time aforesaid and now refuses to take down and remove the same, or any part thereof therefrom."

The defendant interposed a general demurrer to the complaint, and from an order overruling the same it appealed.

The cause was submitted for the appellant on the briefs of *William F. Shea,* and for the respondents on the brief of *Lamoreux, Shea & Cate.*

The following opinion was filed March 14, 1911:

VINJE, J.  From the foregoing statement of facts it appears that the defendant is in the actual possession of the disputed strip at, above, and below the surface of the lot and excludes the plaintiffs from the possession thereof.    The case therefore differs from the cases of *McCourt v. Eckstein,* 22 Wis. 153; *Zander v. Valentine Blatz B. Co.* 95 Wis. 162, 70 N. W. 164; *Rasch v. Noth,* 99 Wis. 285, 74 N. W. 820; *Rahn v. Milwaukee E. R. & L. Co.* 103 Wis. 467, 79 N. W. 747; and *Huber v. Stark,* 124 Wis. 359, 102 N. W. 12, relied upon by the plaintiffs.    In *McCourt v. Eckstein,* even though the disseisin was occasioned by the projection of about eight inches over upon plaintiff's land of some of the stones of defendant's foundation wall below the surface, it was held sufficient to entitle plaintiff, at his election, to maintain ejectment, DIXON, C. J., however, doubting the correctness of such holding.    In *Zander v. Valentine Blatz B. Co.* the de-

fendant put in a foundation wall that projected about four-teen inches beyond his line. The plaintiff occupied up to the true boundary and rested his building in part upon the pro-jecting wall, and it was held that he thereby elected to treat the intrusion as a mere trespass and could not maintain eject-ment. The case of *Rahn v. Milwaukee E. R. & L. Co.* was practically similar to the *Zander Case.* The projecting wall was underground and the plaintiff was in full possession of the surface of her lots to the true line. Her possession being undisturbed, she could not maintain ejectment, and as the trespass was a continuing one it was held equity would as-sume jurisdiction and settle, once and for all, the rights of the parties. *Rasch v. Noth* and *Huber v. Stark* were cases of projecting eaves, and inasmuch as plaintiffs occupied the sur-face up to the true line it was held ejectment would not lie. The doctrine is therefore firmly intrenched in this state that when there is an intrusion into the premises of another either below or above ground, but he is undisturbed in his possession of the surface of his land up to the true line, his remedy is trespass and not ejectment, and, if the trespass is a continuing one, equity has jurisdiction thereof. The present case, how-ever, does not fall within this rule, for here the plaintiffs are dispossessed of the entire surface of the disputed strip, and the possession thereof is alleged to be in defendant. So we have a case where plaintiffs assert the absolute legal title to land held adversely to them by the defendant, and claim, as to one of them at least, the immediate right of possession thereof. Were such immediate right of possession claimed as to all the plaintiffs, it is clear their only remedy would be ejectment and not a suit in equity. In *Lee v. Simpson,* 29 Wis. 333, the court said:

"The plaintiff having the legal title, and neither averring nor admitting any equitable title or interest in these defend-ants, and not being himself in possession of the lands, but the

same being adversely held and possessed by the defendants, cannot maintain his suit in equity against them. He has an adequate and unquestionable remedy at law, by his action of ejectment; and to that he must resort."

This doctrine has been reaffirmed in *Trustees, etc. v. Kilbourn,* 74 Wis. 452, 43 N. W. 168, and *Thomas v. McKay,* 143 Wis. 524, 128 N. W. 59.

That a general demurrer to a complaint in equity raises the objection that plaintiff has an adequate remedy at law is well settled. *Denner v. C., M. & St. P. R. Co.* 57 Wis. 218, 15 N. W. 158; *Trustees, etc. v. Kilbourn,* 74 Wis. 452, 43 N. W. 168; *Gullickson v. Madsen,* 87 Wis. 19, 23, 57 N. W. 965; *Kruczinski v. Neuendorf,* 99 Wis. 264, 74 N. W. 974; *Ellis v. Southwestern L. Co.* 102 Wis. 409, 78 N. W. 583. The precise question, therefore, presented by the pleadings is: Can the remaindermen join in ejectment with the owner of a life estate who is entitled to the immediate possession of land held adversely by the defendant? Undoubtedly the life tenant, *Margaretha Beck,* could maintain ejectment alone and as executrix. Sec. 3083, Stats. (1898), gives her such right. Does a joinder of the remaindermen defeat the action? The complete legal and equitable title is in the plaintiffs. They derive it from a common source, and do not come under the ban that persons who claim title hostile to each other cannot join. *Hubbell v. Lerch,* 58 N. Y. 237. The complete right to present possession is in plaintiffs. Perhaps under the common-law rule, that if one plaintiff in a joint action of ejectment cannot recover his coplaintiffs cannot, no recovery of possession could be had in this action, as only the life tenant is entitled thereto. *Marsteller v. M'Clean,* 7 Cranch, 156; *Davis v. Coblens,* 174 U. S. 719, 19 Sup. Ct. 832. But our statute has changed that rule. Sec. 3074 provides:

"No person can recover in such action [ejectment] unless he has, at the time of commencing the action, a valid subsisting interest in the premises claimed and a right to recover the same or to recover the possession thereof or of some share, in-

terest or portion thereof, to be proved and established in such action."

This indicates clearly that all the plaintiffs do not need to have identical interests nor that all need to have the right to recover the possession of the premises in dispute. It is sufficient if they have an interest therein that they are entitled to recover. The statute is in the disjunctive where it refers to the right to recover the interest in the premises and the right to recover the possession thereof; and sec. 3084 provides specifically that one or more of the plaintiffs in a joint action of ejectment may recover and others not.

But sec. 2602 provides that "All persons having an interest in the subject matter of the action and in obtaining the relief demanded may be joined as plaintiffs, except as otherwise provided by law." The remaindermen certainly have an interest in the subject matter of the ejectment action and in obtaining the relief demanded, and the rule that all persons having such interest may join applies to legal as well as equitable actions. *Schiffer v. Eau Claire,* 51 Wis. 385, 8 N. W. 253. It was there held that a remainderman may join with persons owning intermediate estates in an action to recover all damages, past or future, caused by the construction and maintenance of a mill-dam, on the ground that all were interested in the subject matter of the action and in obtaining the relief demanded, and it was clearly pointed out that the objection of misjoinder of parties plaintiff was not taken in the interest of the defendant. Said the court:

"So far as the defendant is interested, it would seem for his protection that all persons whose estate or interest in the same property has been injured by the act of the defendant should join in the action. The judgment would bar all the plaintiffs and save him the expenses of several suits instead of one."

That is just the situation here, and that is just the object the statute sought to attain when it said that all persons having an interest in the subject matter of the action and in obtain-

ing the relief demanded may be joined as plaintiffs, namely,. to determine in one suit the rights of all parties in the subject matter of the litigation. A statute framed to secure such desirable results by such simple, direct means, and passed for the express purpose of obtaining relief from the technicalities. of the common-law rules of pleading, should receive a liberal construction. However, in this case it is not necessary to go beyond its strict letter. We conclude, therefore, that the complaint stated a good cause of action in ejectment as to all the plaintiffs and that the demurrer thereto should have been sustained.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.

SIEBECKER, J., took no part.

A motion for a rehearing was denied June 1, 1911.