## JOHN MURPHY *v.* BOLGER BROTHERS.

*Ejectment.  Projection of Roof.  Ouster.*  R. L. s. 1247.

One is liable in an action of ejectment for a projection of his roof over another's land.

EJECTMENT in common form.  Plea, general issue.  Trial by court, March Term, 1886, Ross, J., presiding.  Judgment for the plaintiff to recover of the defendants the seisin and peaceable possession of the premises and one cent damages and costs.

The plaintiff and the defendants were adjoining landowners, and there was a dispute between them as to the exact location of their division line.  The defendants' land was described by courses and distances, and its east line was controlled by the east line of a store building standing upon it.  The plaintiff's land was simply bounded by the defendants'.  The plaintiff did not claim that the defendants had invaded his property upon the land itself, but did claim that they, in changing the location and making repairs of their buildings, had projected the side of a roof on a barn and on a shed, some sixteen feet from the ground, over the division line and over the land of the plaintiff.  Both parties had caused accurate surveys to be made, and they only differed in that one surveyor, who fixed the line for the defendants, located his line from the side of the old store building, while the surveyor for the plaintiff located his by the foundation walls of the same building.  The court found that the survey made for the defendants was of the correct line, but that the projection of the side of said roof, as the same was built by the defendants, did extend over said division line and slightly over the land of the plaintiff.

After this suit was commenced, and after the surveys had been made, but before the trial, the defendants had cut away the entire projection of the roof of their buildings, so that at the time of trial no part of said buildings came to the line, but said buildings were entirely upon lands of the defendants.

*Joel C. Baker*, for the defendants.

The action of ejectment will lie only for real property, as land, or something annexed to land upon which an entry might in fact be made, and of which the sheriff could deliver actual possession. 2 Crabb Real Prop. 2484; Tyler, Eject. 37; 3 Bac. Abr. 273; *Rowan* v. *Kelsey*, 18 Barb. 484; *Jackson* v. *May*, 16 Johns. 273; *Child* v. *Chappell*, 9 N. Y. 246.

Ejection lies to recover possession where the sheriff can give possession. *Patch* v. *Keeler*, 27 Vt. 252; R. L. s. 1247. But here a sheriff can do nothing with a writ of possession, but abate a nuisance.

It lies only for property that is tangible. 4 Bouv. Inst. ss. 3654–7. The wrong must amount to an ouster. 4 Bouv. Inst. s. 3659; Tyler, Eject. 83; *Cooley* v. *Penfield*, 1 Vt. 244; *Stevens* v. *Griffith*, 3 Vt. 448; *Skinner* v. *McDaniels*, 4 Vt. 418; *Chamberlin* v. *Donahue*, 41 Vt. 306.

We find but a single case that sustains the plaintiff's position—*Sherry* v. *Frecking*, 4 Duer, 452,—and that was overruled by *Aiken* v. *Benedict*, 39 Barb. 400. See *Vrooman* v. *Jackson*, 6 Hun, 326. The only remedy is an action on the case for the injury. Wood, Nuis. s. 105; Tyler, Eject. 38; *Reynolds* v. *Clark*, 2 Ld. Raym. 1399. Ejectment will not lie against one claiming an easement in land. Wash. Ease. 2693. Nor will a writ of entry. *Smith* v. *Wiggins*, 48 N. H. 109. The right to use water in a stream cannot be determined in a real action. *Hobbs* v. *Gould*, 10 Atl. Rep. 457. Turning a stream of water upon another's land does not constitute an ouster. *Perrine* v. *Bergin*, 2 Green. 255,

Murphy *v.* Bolger.

*C. M. Willard*, for the plaintiff.

The only question involved is the right of recovery in ejectment for an overhanging roof.

Ejectment is, in general, by the common law, only sustainable for the recovery of the possession of real property, upon which, in point of fact, an entry might be made, and of which the sheriff could deliver actual possession. 1 Chit. Pl. 188 ; Tyler, Eject. 37.

Ejectment was held the proper remedy for space above the land, as where an adjoining roof overhangs it, upon the principle that land embraces all above and below it to an indefinite extent. *Sherry* v. *Frecking*, 4 Duer, 452. This was disapproved in *Aiken* v. *Benedict*, 39 Barb. 400, showing an even balance in the court of New York. Also for a chamber without land. 9 Pick. 297 ; 58 Am. Rep. 447 ; Sedgw. & W. Tit. Land, pp. 44, 49. Also for oil wells and veins of minerals. 88 Penn. St. 32, 198.

The opinion of the court was delivered by

TYLER, J. The question in this case is whether the plaintiff can maintain the action of ejectment, or should have resorted to an action on the case as for a nuisance.

This action, which was originally employed in England to enable the lessee of lands, who had been ejected therefrom during his term, to recover damages therefor, was subsequently enlarged to enable him also to recover possession of the land. In later years it has been used both in England and in this country to try questions involving the title to real estate. Under our statute, sec. 1247, R. L., a person having claim to the seisin or possession of lands, tenements or hereditaments, is entitled to an action by writ of ejectment, and if he recover judgment it shall be for his damages and the seisin and possession of his lands.

Chitty, vol. 1, page 188, defines the action as sustainable for the recovery of the possession of property upon which an entry might in point of fact be made, and of which the sheriff

could deliver actual possession, and as not in general sustainable for the recovery of property which is not tangible.

Tyler on Ejectment says, page 37, that by the common law and the general rule, ejectment will not lie for anything whereon an entry cannot be made, or of which the sheriff cannot deliver possession; that it is only maintainable for corporeal hereditaments; that anything attached to the soil, of which the sheriff can deliver possession, may be recovered in this action.

The action of ejectment will lie whenever a right of entry exists, and the interest is of such a character that it can be held and enjoyed, and possession thereof delivered in execution of a judgment for its recovery. *Rowan* v. *Kelsey*, 18 Barb. 484; *Jackson* v. *Buel*, 9 Johns. 298.

The precise question in the case at bar is whether the projection of the side of defendants' roof over plaintiff's land and sixteen feet above it was an ouster of plaintiff's possession of his land, or a mere intrusion upon, and interference with, a right incident to his enjoyment of the land.

Blackstone, book 2, page 18, says: "Land hath also, in its legal signification, an indefinite extent upwards as well as downwards"; * * * "the word 'land' includes not only the face of the earth, but everything under it or over it."

Defendants' counsel insists that this action cannot be maintained because there was no intrusion upon the plaintiff's soil, but upon the air or space above it, while plaintiff's counsel claims the rule to be that the action will lie provided the intrusion extends over the line of plaintiff's premises, no matter how slight it is nor how far above the soil.

If the defendants had constructed their barn so that the foundation wall and the building itself had been wholly or in part over the line upon plaintiff's land, there could have been no question as to the plaintiff's right to maintain ejectment. But suppose they had built their foundation wall strictly upon their own land, but close to the line, and had projected the entire side of the building itself a few inches over the line and

above the plaintiff's land, could the plaintiff maintain eject-
ment for the intrusion? If not, it would be because the intru-
sion was not upon the land itself but the space above it. If
he could not maintain ejectment, he would be obliged to sub-
mit to the invasion and only have his damages therefor. But
the law says the land is his even to the sky, and therefore he
has a right to it, and should not be compelled to part with any
portion of it upon the mere payment of damages by the tres-
passer. A case can readily be conceived where the projection
of the side of a building, or even of bay windows, by one
party over land of another would be of so great inconven-
ience and injury to the latter that a judgment for damages
would afford no adequate compensation.

But to carry the illustration one step further. One owner
of a party or division wall places upon the top thereof a cor-
nice about two and a half inches wide, which projects over the
lot of the adjoining owner. Can the latter maintain eject-
ment? It was held in *Vrooman* v. *Jackson*, 6 Hun, 326, that
he could not. It was also held in *Aiken* v. *Benedict*, 39 Barb.
400, that where one erects a building upon the line of his
premises so that the eaves or gutters project over the land of
his neighbor, ejectment would not lie; that an action for a
nuisance was the proper remedy, the court in that case dissent-
ing from the doctrine of *Sherry* v. *Frecking*, 4 Duer, 452.

A similar case to the one last cited is that of *Stedman* v.
*Smith*, 92 Eng. Com. Law, 1. There the plaintiff and defend-
ant occupied adjacent plots of ground, divided by a wall of
which they were the owners in common. There was a shed
in defendant's ground contiguous to the wall, the roof of which
rested on the top of the wall across its whole width. Defend-
ant took the coping stones off the top of the wall, heightened
the wall, replaced the coping stones on the top, and built a
wash-house contiguous to the wall where the shed had stood,
the roof of the wash-house occupying the whole width of the
top of the wall; and he let a stone into the wall with an
inscription on it stating that the wall and the land on which it

stood belonged to him.    It was held that on these facts a jury might find an actual ouster by defendant of plaintiff from the possession of the wall, which would constitute a trespass upon which plaintiff might maintain an action against defendant. This case is in point as showing a disseisin of the plaintiff's possession rather than a mere infringement of a right.

In *McCourt* v. *Eckstein*, 22 Wis. 153, it was held that where some of the stones of defendant's foundation wall projected eight inches over plaintiff's land, the plaintiff might treat this as a disseisin rather than a trespass, and might maintain ejectment.

It clearly is not essential that the intruding object should actually rest upon the plaintiff's soil to entitle him to the action of ejectment, for this action will lie for an upper room in a dwelling-house or other building.

As the law gives the owner of the land all above it within its boundaries, we can find no reason, resting in principle, why, for the projection by one party of a portion of his building over the land of another, as in this case, he may not be liable in ejectment.    The plaintiff was disseised of his land, and the defendant was in the wrongful possession thereof by his projecting roof.    *Chamberlin* v. *Donahue*, 41 Vt. 306.    There is no more difficulty in describing in a declaration a projection above the soil than one upon it, nor can there be any difficulty in the sheriff delivering possession to the plaintiff.    No question was raised in the court below as to the sufficiency of the declaration.

The judgment of that court is affirmed.