Zander vs. Valentine Blatz Brewing Co.

ZANDER, Appellant, vs. VALENTINE BLATZ BREWING COMPANY, Respondent.

*December 11, 1894 — January 8, 1895.*

*Ejectment: Judgment.*

In ejectment for a strip of land fourteen inches wide, it appeared that defendant, when building upon its own lot, had constructed a stone wall fourteen inches thick under the foundation of plaintiff's building on the adjoining lot. Defendant claimed that this was done merely as a favor to plaintiff, for the purpose of strengthening and straightening his building which, it was alleged, had

Zander vs. Valentine Blatz Brewing Co.

settled so that it was out of plumb and overhung defendant's lot. *Held,* that a judgment against plaintiff on the merits was errone-ous because concluding against him the question of title to said strip of land. If ejectment could not be maintained (a question not decided), the proper judgment was one of nonsuit.

APPEAL from a judgment of the superior court of Mil-waukee county: R. N. AUSTIN, Judge. *Reversed.*

The action is ejectment for the north fourteen inches of lot 2 in block 57 in the Seventh ward of the city of Mil-waukee. The complaint states that the plaintiff is the owner in fee of the premises described, and is entitled to possession of them; that the defendant withholds possession of them, and has committed acts of trespass and waste upon them, by removing the soil and undermining plaintiff's buildings standing thereon, and by building a heavy structure thereon. The answer contained a general denial, a specific admission that the plaintiff was the owner of lot 2, described in the complaint, and alleged that the defendant is the owner of lot 1, adjoining the said lot 2; that in the year 1891 it built a building on said lot 1; that plaintiff then had a building standing upon lot 2, near to the line between lots 1 and 2; that, in excavating for its foundation on lot 1, it found the foundation of plaintiff's adjoining building to be unsafe and insecure; that it notified the plaintiff to make the founda-tion of his building secure; that the plaintiff neglected to do so; that it then repaired and strengthened the foundation of plaintiff's building by building a stone wall or underpin-ning under it, and then built its own building adjoining; that the plaintiff's building had settled on the side next to defendant's building, by reason of its insecure foundation, and was out of plumb, so that it hung about four inches over the defendant's lot; that it repaired the wall of plaint-iff's building so that it was nearly plumb, so that the de-fendant was enabled to make its building plumb; that these are the alleged acts of waste and trespass mentioned in the

complaint,— and closes as follows: "Wherefore the defendant demands judgment that the complaint of said plaintiff be dismissed, with costs."

It appears by the evidence that the defendant did build a stone wall or underpinning under the side of plaintiff's building next to its lot, some fourteen inches thick. The architect and two masons who built it testified that it was a separate wall. One witness for plaintiff testified that it was one solid wall with the foundation wall of defendant's building. The buildings stand close together. Several witnesses testified that during the progress of the work the defendant claimed that plaintiff's building stood four inches over the line on its land. "All matters with reference to damages for waste and so forth" were struck out of the complaint upon the trial, on plaintiff's request. Defendant's managing agent, Blatz, testified: "We put it [the wall] there merely to make his wall so much stronger, or else the whole house would come down; to favor him, and to protect his house. It was merely as a favor to *Zander* that we built that fourteen-inch wall upon his property." Each party requested the court to direct a verdict in its favor. Other testimony was received. The court then directed a general verdict in favor of the defendant, on which judgment was entered in these words: "It is hereby adjudged that the complaint of the plaintiff herein be, and the same hereby is, dismissed upon the merits, and that said plaintiff take nothing thereby." From this judgment the plaintiff appealed.

For the appellant there was a brief by *Fiebing & Killilea,* attorneys, and *J. C. Kerwin,* of counsel, and oral argument by *H. J. Killilea.* They argued, among other things, that the defendant wrongfully ousted the plaintiff from the possession of the premises described in the complaint, and took and holds possession thereof. The plaintiff, at the commencement of this action, had neither actual nor constructive possession of the property, and therefore trespass would

Zander vs. Valentine Blatz Brewing Co.

not lie. Ejectment is the proper remedy. *McCourt v. Eck-stein,* 22 Wis. 153; Sedgw. & W. Tr. Tit. Land, §§ 157, 158; *Trotter v. Simpson,* 5 Car. & P. 51; *Bradbury v. Cony,* 59 Me. 494; *Jackson v. Buel,* 9 Johns. 298; *Jackson v. May,* 16 id. 184; *Child v. Chappel,* 9 N. Y. 246; *Sherry v. Freckling,* 4 Duer, 452; *Smith v. Revels,* 79 Hun, 213; R. S. ch. 133.

For the respondent there was a brief by *Sylvester & Schei-ber,* and oral argument by *Fred. Scheiber.* They contended, *inter alia,* that defendant's acts in underpinning plaintiff's building on plaintiff's land did not amount to a disseisin of plaintiff with respect to the land occupied by that under-pinning. *Prop'rs of Kennebeck Purchase v. Springer,* 4 Mass. 418; *McCourt v. Eckstein,* 22 Wis. 157; 1 Washburn, Real Prop. (5th ed.), 63; 3 id. 136, 137, 176.

NEWMAN, J. The court is not agreed upon the question whether the plaintiff can maintain ejectment on the facts of this case, and does not decide that question. But the ma-jority of the court are of the opinion that, in the situation in which the case was, a verdict should not have been directed; and that the verdict and judgment have the effect to fully conclude the question of the title to the ground upon which the wall, which is the subject of the controversy, stands, against the plaintiff. If the trial court was of the opinion that, on the facts of the case, the plaintiff could not maintain an action of ejectment, it should have rendered a judgment of nonsuit and not a judgment upon the merits.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause remanded for a new trial.