Zander vs. Valentine Blatz Brewing Co.

ZANDER, Appellant, vs. VALENTINE BLATZ BREWING COMPANY, Respondent.

*January 12 — February 2, 1897.*

*Ejectment: Trespass: Election of remedies.*

An intrusion by one lot-owner of his foundation wall upon the land of the adjoining owner, without permission, is a trespass, and may be treated as a disseisin; but if the owner of the land so intruded upon extends his own building to his line and rests it upon such wall and occupies the same continuously, he thereby elects to treat the intrusion as a mere trespass, and cannot maintain ejectment therefor.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge.   *Affirmed.*

Ejectment to recover fourteen inches of land.   Plaintiff owns lot 2, block 57, in the Seventh ward, city of Milwaukee.   The defendant owns lot 1, immediately adjoining on the north.   The north fourteen inches of lot 2 is in dispute. The evidence showed that in 1891 the defendant erected a building on lot 1.   In making the necessary excavations, the defendant excavated a few inches beyond the line, and put in a foundation, which, it appears, extended about fourteen inches across the line, and under the north wall of the plaintiff's building.   The plaintiff's possession was not otherwise disturbed, and he has ever since been, and now is, in posses-

sion of his building, which extends clear up to his line, and rests in part upon the wall. The only question in the case is whether the building by the defendant of this foundation wall fourteen inches across the line constitutes a disseisin, so that ejectment will lie. The defendant, by its answer, disclaims title to the fourteen inches in question, and alleges that the wall was built at plaintiff's request. At the close of the evidence a nonsuit was granted, and the plaintiff appealed.

For the appellant there was a brief by *Fiebing & Killilea,* and oral argument by *H. J. Killilea.* To the point that trespass would not lie, but ejectment was the proper remedy, since the plaintiff had neither actual nor constructive possession of the land in suit at the commencement of the action, they cited *McCourt v. Eckstein,* 22 Wis. 153; *Pile v. Pedrick,* 167 Pa. St. 296, and many other cases.

For the respondent there was a brief by *Sylvester, Scheiber, Riley & Orth,* and oral argument by *F. Scheiber* and *M. M. Riley.*

WINSLOW, J. When this case was here before, the merits were not decided. 89 Wis. 164. Now, however, the question is fairly presented whether ejectment will lie. Both parties cite and rely upon *McCourt v. Eckstein,* 22 Wis. 157. In that case it appeared that some of the stones of defendant's foundation wall projected eight inches over upon plaintiff's land, and that the plaintiff erected his own building eight inches away from his line, thus leaving the eight-inch strip unoccupied. It was held, in effect, that the plaintiff might treat the encroachment as a disseisin, at his election, and if he had so treated it, he might maintain ejectment; and it seems further to have been held that there was enough evidence in that case to carry to the jury the question whether the plaintiff had elected to treat the defendant's act as a disseisin. In the present case there is, however, no

such evidence. The testimony shows, without dispute, that the plaintiff is now, and always has been, in possession of his full lot. His building extends to the north line of his lot, and the only difficulty is that it rests upon a few inches of wall below the surface of the ground, which was built by the defendant without authority. This act of the defendant in intruding his foundation wall under the plaintiff's building was (if done without permission) undoubtedly a trespass. If the plaintiff had chosen, he might, under the rule of *McCourt v. Eckstein*, have treated it as a disseisin, and could have then maintained ejectment. But he has not treated it as a disseisin. On the contrary, by allowing his building to remain upon the foundation and by occupying that building up to his line continuously, he has undoubtedly elected to treat the defendant's act in building the wall as a mere trespass. The plaintiff has had the full and free possession and enjoyment of his entire lot ever since the wall was built. Ejectment cannot be maintained by one who is in the undisturbed possession of real estate. It is a remedy provided for one who is out of possession. This is elementary law.

On the question what disseisin will support ejectment, see note to *Harrington v. Port Huron* (86 Mich. 46), in 13 L. R. A. 664.— REP.