Rahn vs. The Milwaukee Electric Railway & Light Co.

———————

RAHN, Respondent, vs. THE MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, imp., Appellant.

*June 2 — June 22, 1899.*

*Ejectment: Trespass: Equity: Election of remedy.*

1. A complaint alleging, among other things, that one of the defendants in constructing a building on its lands excavated beyond its line, and under the foundation of plaintiff's building, and, without her

consent and against her protest, built a foundation wall extending beyond its line, and underneath her buildings which cover her lots nearly or quite to such line; that the other defendant, successor in right and in possession, refuses to remove the same; that the intrusion of such wall interferes with her full enjoyment of her premises; and that the wall cannot be removed or cut off on her side, without removing the soil and foundations of her building, states a cause of action against both defendants.

2. The owner of land so intruded upon may at his option treat the intrusion either as a trespass or disseisin, and is entitled to the relief appropriate to his election; but where such owner occupies his lot up to his line, continuously, he thereby elects to treat the intrusion as a trespass, and cannot maintain ejectment therefor.

3. It appearing from the facts stated in the complaint, admitted by the demurrer, that plaintiff is so circumstanced that she cannot bring an action of ejectment, and that a trespass of such a nature as to attach to and follow the ownership of the adjoining premises has been committed upon her land and is maintained and continued by defendant, plaintiff is entitled to *some* measure of relief depending on the facts proven on the trial.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Omitting the formal parts and such of the allegations as are not deemed material to the decision of the questions raised herein, the complaint, in substance, is as follows: That the plaintiff is the owner of two lots in the city of Milwaukee, upon which are located three buildings which cover the said lots nearly or quite to the north line, and that she is in possession of said lots and the buildings; that in 1893 the Milwaukee Street Railway Company was the owner of two lots adjoining her premises on the north, and that during that year said company erected a large brick building, forty feet high, on its lots, covering all its land, for a repair shop; that in erecting said building, said company excavated along its south line adjoining the plaintiff's premises to the depth of several feet, and in so doing excavated beneath or under the foundations of plaintiff's buildings, and, without her consent and against her protest, built a foundation wall which extended over their line and underneath her build-

Rahn vs. The Milwaukee Electric Railway & Light Co.

ings a distance varying from five to nine inches along the whole north line; that the defendant the *Milwaukee Electric Railway & Light Company* has succeeded to the rights of the other defendant, and is the owner of, and in possession of, said premises and using said repair shop; that the defendant the Milwaukee Street Railway Company claims the right to keep and maintain said foundation wall and building upon the premises of plaintiff, and refuses to remove the same; that plaintiff's premises are of great value, situate in the business district; that it was her intention, as soon as she is able, to erect a brick building thereon for business purposes, but that she will be prevented from occupying all of her premises because of the intrusion of said wall; and that the value of her premises has been diminished and made unsalable, to her damage $2,000.

The complaint further sets out that the lots have a frontage of twenty-five feet on certain streets, which is the smallest frontage salable or available for business purposes, and that the intrusion of said wall deprives her of the full use and enjoyment of her premises; that the wall is underground, and cannot be removed or cut off from the plaintiff's side without removing the soil and the foundations of her buildings, and thus entailing great expense to her. The demand for relief is that she be adjudged the owner of, and entitled to the free use and occupation of, her lot to the line, and that defendants be required to remove the wall and pay her damages.

The defendant *Milwaukee Electric Railway & Light Company* demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was heard on its merits, and overruled. The demurring defendant appeals from the order so entered.

For the appellant there was a brief by *Spooner, Rosecrantz & George*, and oral argument by *C. P. Spooner*.

*James H. Stover*, attorney, and *M. M. Riley*, of counsel, for the respondent.

Rahn vs. The Milwaukee Electric Railway & Light Co.

BARDEEN, J.  This action is undoubtedly one in equity. In so far as the complaint alleged special damage caused by the excavation made by the defendant not appearing, we have no concern.  It is not claimed by plaintiff that the demurring defendant is in any way responsible therefor, and we may dismiss that branch of the case without further comment.

The plaintiff does insist, however, that the intruding wall is in the nature of a nuisance or continuing trespass, which she is entitled to have abated, and that the defendant, being the owner of the repair shop, the premises connected therewith, and in possession thereof, is a proper party to this litigation, and directly interested in the relief sought.  The defendant challenges her right to any relief in this action on the ground that the facts stated show that she has a complete and adequate remedy at law.  In the early case of *McCourt v. Eckstein*, 22 Wis. 153, this court held that a projecting wall, like the one mentioned in the complaint, might be treated as a disseisin by construction of law, at the election of the owner of the property intruded upon, and that he might maintain ejectment.  In a subsequent case (*Zander v. Valentine Blatz B. Co.* 95 Wis. 162) it was held that the intrusion by one lot owner of his foundation wall upon the land of the adjoining owner, without permission, was a trespass, and might be treated as a disseisin, at the election of the latter; but, where the owner of the land so intruded upon occupied the lot up to his line continuously, he thereby elected to treat the intrusion as a trespass, and could not maintain ejectment therefor.  The principle recognized in both these cases is that the owner of the lot so intruded upon may elect to treat the intrusion either as a trespass or a disseisin, and would therefore be entitled to the relief appropriate to his election.  In the latter case the evidence showed that the plaintiff was in possession of his full lot, occupying up to the line, and, his possession being undisturbed, it was held that he could not maintain an action of

ejectment. The facts in this case are closely parallel to
that. . The plaintiff is in full possession of the surface of her
lots to the true line. Her possession is undisturbed, and,
under the rule established in the *Zander Case,* she could not
maintain ejectment. Such being the case, she is left to her
remedy for the trespass. The principle above referred to
was recognized and enforced in the later case of *Rasch v.
Noth,* 99 Wis. 285.

The plaintiff being so circumstanced that she cannot bring
her action of ejectment, we are led to the inquiry of whether,
under the facts stated, she can maintain this action. There
can be no doubt but that the trespass complained of is a con-
tinuing one. It is equally certain that a court of equity has
the jurisdiction and the power to settle, once and for all, the
rights of the parties. The following cases amply sustain this
proposition as applied to cases like the present: *Wheelock
v. Noonan,* 108 N. Y. 179; *Baron v. Korn,* 127 N. Y. 224;
*Eno v. Christ,* 25 Misc. (N. Y.), 24; *Pile v. Pedrick,* 167 Pa.
St. 296; *Harrington v. McCarthy,* 169 Mass. 492; *Coatsworth
v. L. V. R. Co.* 156 N. Y. 451. The facts stated in the com-
plaint are deemed sufficient to show that a trespass has been
committed upon plaintiff's land, and is maintained and con-
tinued by the defendant. It is of such a nature as to attach
to and follow the ownership of the adjoining premises, and,
if the allegations of the complaint are proven, the plaintiff
will be entitled to some relief. She, having seen fit to ap-
peal to a court of equity, must rest content with such relief
as the enlightened conscience of the chancellor may dictate.
Such relief will depend altogether upon a careful survey
and consideration of all the facts and circumstances dis-
closed on the trial. It might, if the circumstances seemed
to justify it, extend to a complete removal of the offending
wall, or it might be limited to nominal damages. Some of
the cases, after all the facts were disclosed, have gone to the
extent of denying relief entirely, and leaving the plaintiff to

pursue the legal remedy. All we desire to be understood as deciding in this case is that, under the facts stated in the complaint, admitted by the demurrer, plaintiff has shown herself entitled to *some* measure of relief, but what that relief will be must depend upon the facts proven at the trial.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.