Fisher, Respondent, vs. Goodman and another, Appellants.

*May 14—June 12, 1931.*

*Richard R. Goodman* of Milwaukee, for the appellants.

For the respondent there was a brief by *Bitker, Tierney & Puchner* of Milwaukee, and oral argument by *Irving A. Puchner*.

OWEN, J. The plaintiff and the defendants are adjoining property owners in the city of Milwaukee. The complaint alleges that the defendants erected upon their land an apartment building and, in doing so, dug into and removed the soil from the premises of the plaintiff and erected and caused to be built upon their land and upon the land of the plaintiff a heavy foundation and wall, and they claim the right to keep and maintain said foundation and wall upon the premises of the plaintiff; that plaintiff will be prevented from using the whole of said land by reason of the intrusion of said foundation and wall of the defendants, and the value of her land is and will be greatly diminished and herself greatly damaged in consequence thereof, and that plaintiff has no adequate remedy at law. The prayer is for a mandatory injunction requiring the defendants to remove said foundation and wall from the premises of the plaintiff. To this complaint defendants demurred, on the ground that the facts stated in the complaint do not entitle plaintiff to equitable relief. The court overruled the demurrer. The appeal challenges the correctness of this ruling.

Defendants' criticism of the complaint in this case is that it does not appear whether there is an invasion of the surface of the soil, with resulting necessary disseisin, making the action of ejectment the only remedy, or whether the invasion is entirely below the surface; consequently, defendants are unable to tell whether they are confronted with an action at law or a suit in equity. While it would have been proper to require the plaintiff to make her complaint more definite

and certain in this respect, the lower court refused to do so, and such order was neither appealed from nor is it appealable. *Schlecht v. Anderson,* 197 Wis. 556, 222 N. W. 802.

That the complaint does not state facts sufficient to entitle plaintiff to equitable relief is not a ground of demurrer under sec. 263.06, Stats. That section authorizes a demurrer when the complaint does not state facts sufficient to constitute a cause of action. Under sec. 263.07 a general demurrer to a complaint cannot be sustained if the facts stated entitle the plaintiff to any measure of judicial redress, whether legal or equitable. As the facts alleged in this complaint disclose that plaintiff's rights have been invaded, a demurrer to the complaint cannot be sustained even though it appears that she is not entitled to equitable relief. We hold, however, that upon the facts stated she is entitled to equitable relief. It seems to be the settled law of this state that where a wall of an adjoining property owner protrudes into the soil of the premises of the plaintiff, the latter may have either equitable relief or treat the invasion as a disseisin and have the remedy of ejectment. *McCourt v. Eckstein,* 22 Wis. 148, *153; *Zander v. Valentine Blatz B. Co.* 95 Wis. 162, 70 N. W. 164; *Rahn v. Milwaukee E. R. & L. Co.* 103 Wis. 467, 79 N. W. 747, are cases of this sort. The remedy of mandatory injunction is also available in case of projecting eaves. *Rasch v. Noth,* 99 Wis. 285, 74 N. W. 820; *Huber v. Stark,* 124 Wis. 359, 102 N. W. 12. But it was held in *Beck v. Ashland C. & T. Co.* 146 Wis. 324, 130 N. W. 464, that an invasion of the surface of the soil by a protruding wall constitutes disseisin, and that the remedy of ejectment is exclusive. That case simply applied the general rule that an action of ejectment furnishes an adequate legal remedy for the recovery of the possession of real property, for which reason equitable remedies were not available to the plaintiff. The fact, however, that the processes of the law are inadequate to restore possession to the plaintiff where the

disseisin is the result of the encroachment of a heavy build-
ing or a wall, has led many courts to hold that the remedy
of mandatory injunction is available in situations such as
this. See notes 36 L. R. A. N. s. 402; 14 A. L. R. 831;
32 Corp. Jur. p. 146, § 195.

Two cases illustrating the reasons for the exercise of this
jurisdiction are *Hahl v. Sugo,* 169 N. Y. 109, 62 N. E. 135,
and *Hirschberg v. Flusser,* 87 N. J. Eq. 588, 101 Atl. 191,
in both of which cases judgments in ejectment were recov-
ered, and in neither of which was the sheriff able to execute
the judgment. Thereafter actions in equity to secure man-
datory injunctions compelling the defendants to remove the
encroachment were brought. Such supplementary action
was not tolerated by the New York court, on the ground
that the relief might have been secured in the original action
if the complaint had been properly amended, and it was held
that the judgment in the original action was a bar to the
subsequent action. While this consideration did not defeat
the subsequent action in the New Jersey court, the inad-
equacy of the legal remedy was recognized, and the propriety
of the original jurisdiction of courts of equity in such cases
declared.

It does not require concrete examples to show that legal
processes are inadequate to furnish relief where the invasion
consists of an overlapping foundation or wall. It is not
reasonable to ask a sheriff to remove the invading portion of
that wall or foundation, as he is guilty of trespass if in doing
so he invades by a hair-line the property of the defendants.
The proceeding is as delicate and impracticable as the tak-
ing of the pound of flesh. The responsibility of removing
the wall should, in justice, be left to the party who built it,
and this the remedy of mandatory injunction does. If the
plaintiff be left to his or her remedy in ejectment, that rem-
edy must prove wholly inadequate. If it be said that the
invasion is one of continuing trespass, a multiplicity of suits

will follow. Either of these considerations is abundantly sufficient to support the jurisdiction of a court of equity. The case of *Beck v. Ashland C. & T. Co.* 146 Wis. 324, 130 N. W. 464, in so far as it holds the remedy of ejectment exclusive, is overruled, and we hold that the plaintiff is entitled to the remedy of mandatory injunction in such cases.

*By the Court.*—Order affirmed.