WEIS ET AL. *v.* COX ET AL.

[No. 25,038.   Filed May 18, 1933.]

44

*William J. Whinery,* for appellants.

*Frederick C. Crumpacker* and *Edwin H. Friedrich.* for appellees.

FANSLER, J.—This is an appeal from an interlocutory order of the Lake Superior Court denying a temporary mandatory injunction to require the appellees to remove certain encroachments from the appellants' adjoining building. The case seems to have been as fully tried as upon a final hearing, the court hearing both record evidence and verbal testimony of many witnesses.

It appears that the parties were the owners of adjoining lots in the city of Hammond; that about thirty years before this action was filed the appellants erected a two-story brick and frame building upon their lot. The building was erected exactly upon the line between the appellants' and the appellees' property; that at that time, and for some time subsequent thereto, the appellees' predecessor in title maintained a building upon the appellees' lot which did not occupy the entire property; that water was thrown from the roof of this building against the appellants' building, and that from this and other causes, appellants' brick wall was

washed out and damaged to some extent; that about fifteen years after the erection of the appellants' building, the appellee, Mary Cox, erected a concrete, stone and brick building upon her lot. The wall adjoining appellants' building was constructed of poured concrete. No forms or other means were used to keep the concrete from running into the interstices in appellants' brick wall, which was worn by the mortar having fallen out and occasional parts of bricks having been displaced, and the concrete flowed into the intersections between the bricks to a depth of from one to three and one-half or four inches. The portion of the wall thus affected was full two stories in height and sixty-one feet long. It is alleged that appellees' wall was so constructed without appellants' knowledge or consent, and that appellants had no knowledge of such encroachments until or about August 1, 1925, more than ten years after appellees' building was erected. There is a conflict in the evidence upon this subject, however. The appellee Cox testified that at the time appellees' building was constructed he talked to the appellant, Mr. Weis, who was operating a drug store in appellants' building, and that it was agreed between them that the concrete should be poured against the appellants' wall and that it would make it stronger. Mr. Weis denied that any such conversation ever took place. E. Cole Johnson, an architect and construction engineer, prepared the plans and specifications for the appellees' building. He testified that he had arranged to have the walls separated with roofing paper; that he came down to the work and found they were not using the paper between the walls and called attention to it, and the foreman told him it had been arranged differently between the owners. Mr. Highlands, who worked on the appellees' building, testified that the architect suggested putting paper between the walls; that the brick wall was washed out to quite an extent from

water and that some of the mortar was washed out; that both the buildings were on the line; that when they started to pour concrete he was told by his superior not to use the paper, but to pour it against the wall; that he saw the appellant, Mr. Weis, "around there" while the building was being built; that his drug store was next door, and "he was out and around."

There is no evidence that the appellants made any objection to the method of construction at the time or any complaint about it, until the summer of 1925, when they undertook to move their building back from the street in order to comply with an order of the board of public works of the City of Hammond relative to the widening of the street in front of both properties. All preparations for moving the building, including the placing of loading and raising the building, had been made, including the preparation of new foundations in the rear; that when an effort was made to push the building back, it was found that it was impossible to move the building, owing to the walls being cemented together and the concrete projecting into the crevices in the bricks of appellants' wall.

It is alleged that about $5,000.00 had been spent in preparing to move the building, and there was evidence that it could not be moved as planned because of having adhered to the Cox building. The Cox building occupied the entire lot back to the alley. The front part had been torn away in order to meet the street widening requirements. Twenty-one feet of the adhering wall remained, and there was evidence that to tear down this twenty-one feet of appellants' building would cost something more than $2,800.00; that to tear down the twenty-one feet of appellees' building would cost about $5,000.00. There was evidence that the manner of constructing the wall of appellees' building strengthened the appellants' wall, although it was contended by the appellants that the wall was sufficiently strong for all

purposes without the additional support furnished by appellees' wall.

At the conclusion of the evidence the court refused a temporary mandatory injunction, and from that ruling this appeal is taken under the statute permitting appeals from interlocutory orders. While the appeal is from a hearing on the petition for a temporary mandatory injunction, the cause seems to have been tried on the merits as fully as upon a final hearing. Generally the purpose of an injunction *pendente lite* is to preserve the *statu quo*. The issuance of a temporary mandatory injunction in this case would have required the appellees to remove their wall and would have finally adjudicated and terminated the controversy. It would have prevented the holding in abeyance of a final determination of the litigants' rights until the final hearing. Upon these grounds alone the judgment should be affirmed. *Brown* v. *State* (1906), 166 Ind. 85, 76 N. E. 881, 8 Ann. Cas. 1068; *Shroyer* v. *Campbell et al.* (1903), 31 Ind. App. 83, 67 N. E. 193; *Bissell Chilled Plow Works* v. *South Bend Mfg. Co. et al.* (1917), 64 Ind. App. 1, 111 N. E. 932.

But since there seems to have been a full hearing, we will consider the questions presented upon their merits, having in mind, however, that upon a final hearing there may be other or different evidence which might influence the decision of the trial court or present other questions.

The appellees contend that the appellants' remedy is an action in ejectment, but, as pointed out by the Supreme Court of Wisconsin in the case of *Fisher* v. *Goodman et al.* (1931), 205 Wis. 286, 237 N. W. 93, in many similar cases where judgments in ejectment are recovered, the sheriff is unable to execute the judgment, since it is not reasonable to

ask a sheriff to remove an invading portion of a wall if in so doing he is forced to invade the property of the defendant and, therefore, the remedy of ejectment is ineffective and inadequate, whereas, a mandatory injunction places the responsibility of removing the invading portion of the wall upon the owner of the wall, where it should be.

This case differs from any that has come to our attention, in that the trespass, if there was one, interfered in no way with the appellants' use of their property until they sought to move their building by reason of the order of the city of Hammond. Otherwise they had full enjoyment of their premises and, in fact, seem to have derived a benefit from the trespass. It is obvious that the removal of the appellees' wall would have been highly damaging to the appellees. Where injunctions are concerned, the relative inconvenience and injury to the parties may be considered by the court, and this is especially true in mandatory injunctions. 32 C. J. 78.

If the appellees' wall was constructed in the manner described, with the appellants' consent, the appellees committed no trespass and no wrong, and the action must fail. If it was constructed without the consent or acquiescence of the appellants, even though the intention was to strengthen the appellants' wall, the appellees' action was wrongful, although appellants would not be harmed thereby except in the then doubtless unforeseen occasion of moving their building. But in such a case the wrong is not so unwarranted as to deprive the appellees of all consideration in a court of equity. The granting or refusal to grant an injunction rests in the sound discretion of the court, and the court will consider the inconvenience and damage that will result to the defendant, as well as the benefit that will accrue to the plaintiff; and where

the damage and injuries resulting to the defendant by the granting of the writ will be so great as to be unconscionable, in view of the benefits to be derived from the writ by the plaintiff, the court will act with great reluctance and will seek a remedy at law by which the plaintiff's rights may be protected without undue injury to the defendant.

It appears from the evidence that the appellants were arranging to move their building back some distance on their lot, and that this entailed the building of a new foundation and other structural changes. There was evidence as to the expense of tearing down the appellants' wall and reconstructing it on the new location, as well as evidence of the expense of tearing down the appellees' wall so as to release the appellants' building and permit of its being moved. We cannot say that this evidence was not sufficient to justify the court in believing that the appellants could be fully compensated in damages in an action at law, and that, therefore, the injunctive relief was properly denied.

There was evidence from which the court might have believed that the appellants consented to the pouring of the wall against the building, and that they welcomed it as a means of strengthening their own wall. If this were true the appellants were not entitled to the relief which they prayed.

And there was evidence from which the court might have believed that appellants knew at the time that the concrete was to be poured against their wall and that, while not expressly consenting, they stood by and apparently acquiesced in the appellees' conduct. In such a case, even though appellants' conduct might not be such as to create a license or easement in favor of the appellees, still their acquiescence

in an invasion of their known rights creates what has been termed a *quasi* estoppel, which will preclude them from obtaining distinctly equitable relief, but which will not cut off their legal remedies. *City of Logansport* v. *Uhl et al.* (1885), 99 Ind. 531.

We find no error in the record.

Judgment affirmed.