JOSEPH F. HEROUX *vs.* HARRY KATT *et al.*

*d.b.a.* HARRY'S AUTO SALES.

AUGUST 18, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This action in trespass and ejectment was brought by a lessee for years to obtain possession of a portion of the demised premises alleged to be occupied by the defendants and wrongfully detained by them from the plaintiff. In the superior court, at the conclusion of the evidence for the plaintiff, the defendants rested their case and each party then moved for a directed verdict. The trial justice granted the plaintiff's motion and denied that of the defendants. The case is before us on defendants' exception to each of these rulings, all other exceptions being waived.

The following undisputed facts appear in the evidence. The land described in the writ and declaration is located at the corner of Broad and Babcock streets in the city of Providence and is owned in fee simple by George A. and Elizabeth Follett. By a lease in writing, said premises were demised by these owners to the plaintiff Joseph F. Heroux

for a period of five years from April 27, 1948, the lease also containing a privilege of renewal for an additional period of five years on the same terms and conditions.

At the time this lease was executed the defendants were the owners of land adjoining the demised premises and were the occupants of a building located in part upon their own land and in part upon the land leased by the plaintiff. The portion of the building thus upon the leased land measures approximately 22.50 feet long by 20.05 feet wide.

The defendants were aware that such part of this building was located upon land that did not belong to them. Indeed, they had deliberately erected the building knowing that it encroached upon the land belonging to the Folletts. However, neither of the Folletts nor the plaintiff was aware at any time prior to entering into the lease that such building encroached upon the demised premises. Only after plaintiff had a survey of the premises made did it become known to him and the owners of the land that a portion of the defendants' building approximating 451 square feet in area was wrongfully located and maintained upon a part of the leased premises.

When the defendants refused to deliver possession of the land to the plaintiff the instant action was commenced in the district court by a writ of trespass and ejectment. The writ and declaration plainly described the premises as they appear in the lease and further alleged that the plaintiff by virtue of the lease, which was specifically identified therein, had an immediate right of entry to and possession of said land, a portion of which was being forcibly and wrongfully detained from him by the defendants. Defendants filed no special or equitable plea either in the district or superior court but relied solely upon a plea of the general issue.

On this state of the pleadings and evidence the defendants contend that the trial justice was in error in denying their motion for a directed verdict and in granting a directed verdict for the plaintiff. They make several contentions

which may be briefly summarized as follows. (1) Trespass and ejectment is not a proper action to remove encroachment by a building owned and occupied by defendants on the *"locus in quo"* because the only proper action was in equity to enjoin the continuing trespass or nuisance and because an execution to the sheriff would be ineffective to deliver possession in an action at law. (2) The plaintiff is not a proper party to bring trespass and ejectment because the ejector at the commencement of the action must possess the fee to the reversionary interest of the *locus in quo*. (3) Assuming that the "party in possession" can properly bring such an action, the testimony shows that the plaintiff and another as partners were conducting an automobile business on the premises; that they were therefore in actual possession; and that they should have been the parties plaintiff.

In our opinion the trial justice was correct in directing a verdict for the plaintiff and in denying defendants' motion for a directed verdict. In support of their first contention that the plaintiff was restricted to a suit in equity to enjoin them from a continuing trespass and that only a court of equity had jurisdiction to give relief in the circumstances of record the defendants have cited several cases from other jurisdictions and rely strongly on the case of *Rasch* v. *Noth,* 99 Wis. 285. However, most, if not all, such cases relate generally to suits brought in equity where the respondents sought to defeat equity's jurisdiction by contending that there was an adequate remedy at law. The courts therein rightly held that equity jurisdiction can be justified where the remedy at law is found to be inadequate, as for example in a case of a continuing trespass or nuisance. But in our opinion none of those cases hold that equity is the *exclusive* forum where relief can be had in circumstances like those in the instant case. Undoubtedly equity could have taken and justified its jurisdiction and perhaps might have granted more effective and complete relief. Nevertheless it does not follow from that potentiality that the law court must

be ousted of its ordinary jurisdiction if the plaintiff elected to pursue his legal remedy in trespass and ejectment. Such an election is a matter for plaintiff's consideration and not one of defense to the action in trespass and ejectment.

The case of *Rasch* v. *Noth, supra,* concerned projecting eaves without actual interference with the physical possession of the land. While there is a statement concerning equity jurisdiction which might seem to give support to defendant's contention, the reason therefor is clearly confined to the nature and issues of the case. See *McCourt* v. *Eckstein,* 22 Wis. 153. In any event later cases in that jurisdiction make it entirely and expressly clear that the court in that case really did not mean to hold that equity had exclusive jurisdiction in all cases of encroachment. Such cases make it clear that trespass and ejectment may be inadequate and thereby justify resort to equity jurisdiction but not that trespass and ejectment could never be maintained where there has been an ouster by a tangible structure. See *Beck* v. *Ashland Cigar & Tobacco Co.,* 146 Wis. 324; *Fisher* v. *Goodman,* 205 Wis. 286, 288.

Even where it appears that the ability of a sheriff to deliver possession upon serving an execution is accepted as a test of whether the action of trespass and ejectment may properly be brought, it has been held that ejectment will lie because there is a disseisin measured by the size of the visible and tangible encroachment; and the sheriff can physically remove the structure and thereby restore the owner to possession. *Butler* v. *Frontier Telephone Co.,* 186 N. Y. 486. See also *Wachstein* v. *Christopher,* 128 Ga. 229; *Murphy* v. *Bolger Brothers,* 60 Vt. 723. The defendants' first contention is without merit.

Nor do we agree with his second contention to the effect that only the owner of the fee in reversion may maintain an action of trespass and ejectment against an admitted trespasser who is wrongfully detaining a portion of the premises from the possession of a lessee. We are not

concerned with whether upon suitable pleadings title to the reversion can be tried in an action of this kind. On the pleadings here we have merely the question whether a lessee for years can protect his admitted right of immediate entry to and exclusive possession of demised premises by an action in trespass and ejectment against strangers who are undisputably detaining from the plaintiff possession of a portion of such land by maintaining a tangible structure thereon. As plaintiff points out, a lessee for years in this state has a right to bring trespass and ejectment against such strangers under general laws 1938, chapter 435, §10, and G. L. 1938, chap. 538, §12.

Chapter 538, §12, reads as follows: "In actions of ejectment, and trespass and ejectment, to recover possession of lands, tenements, or hereditaments, the plaintiff shall not be required to prove an actual entry under his title; but if he prove that he is entitled to such an estate as he claims in the premises, whether as heir, devisee, purchaser, or otherwise, and also that he has a right of entry therein, this shall be deemed sufficient proof of his seisin, as alleged in his declaration; but no such action shall be maintained unless the plaintiff has, at the time of commencing the same, a right of entry into the premises."

The language of that statute was the same when the case of *McCann* v. *Rathbone*, 8 R. I. 297, was decided by this court. In that case a lessee brought an action in trespass and ejectment to obtain possession of certain premises occupied by the tenant of a former lessee whose lease had not been renewed. The court, in sustaining the plaintiff's right to bring such an action, at page 301 of the opinion, held that the statute "seems to us to have no other meaning than to provide that such action may be brought by any plaintiff who has a right of entry." The court, after discussing another statute not important here, further held that our statutes authorize an action of ejectment to be brought by any plaintiff who has a right of entry against a defendant who detains the estate.

128

■ Moreover, this statute seems to carry out the concepts of the old action of ejectment. In Tyler on Ejectment, at page 169, it is stated: "Clearly, a tenant for life, or for years, has the exclusive right of possession of the land, and his title, therefore, enables him to maintain the action of ejectment, and that whether he claim in his own right or in right of his wife. Indeed, the very object of the remedy by ejectment in its original conception was to enable one who had a lease for years, to repair the injury done him by dispossession, and enable him to recover his term." To a similar effect, see 2 Taylor's Landlord and Tenant (9th ed.) 310, §698; Tiedeman on Real Property (3d ed.) 165, §131.

In Warvelle on Ejectment 162, §156, the law is also stated to be that "a tenant for years, with the term still unexpired, has a full and generally exclusive right to bring the action against any person who may invade his possession," pointing out that "the original purport of the action of ejectment was to unable [enable] a tenant for years who had been ousted to recover his term." Therefore, whether we consider the instant case under our statute or at common law, we think there is ample authority for a plaintiff lessee for years to bring an action of trespass and ejectment to vindicate his rights of entry and immediate possession against one who wrongfully detains from him possession of a portion of the leased premises.

■ We find no merit in the defendants' third contention to the effect that the plaintiff and his partner doing an automobile business on the leased premises were in actual possession and therefore the only proper plaintiffs. The defendants overlook the fact that the person entitled to bring an action of trespass and ejectment is the person who is *legally* entitled to enter upon and have the immediate and exclusive possession of the premises against any stranger or trespasser. Only the plaintiff here had that legal right.

The defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the verdict as directed.

*Arthur L. Conaty*, for plaintiff.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, Thomas F. Kelleher,* for defendants.